WALLACE, Respondent, v. BRENDE, et al, Appellants

(287 N. W. 328.)

(File No. 8298.   Opinion filed August 16, 1939.)

*B. O. Stordahl,* of Sioux Falls, for Appellants.

*Tom Kirby* and *Clair Roddewig,* both of Sioux Falls, for Respondent.

RUDOLPH, J. This case is now before the court on a motion to dismiss the appeal. The action below was brought against several defendants and judgment was entered in favor of the plaintiff, and against all of the defendants. Only two of the defendants have appealed. It is the contention of the plaintiff that the non-appealing defendants are adverse parties within the meaning of SDC 33.0703, and that no notice of appeal having been served upon them the case is governed by the rule established in such cases as Union Bond & Mortgage Co. v. Brown, 64 S. D. 352, 266 N. W. 720; Crouch v. Dakota, W. & M. R. R. Co., 22 S. D. 263, 117 N. W. 145; Sutton v. Consolidated Apex Mining Co., 12 S. D. 576, 82 N. W. 188. It is respondent's contention upon this motion to dismiss the appeal that the defendants are joint tortfeasors, and that, should the judgment upon this appeal of the two defendants be reversed as to them and left standing as to the other defendants because they have not appealed, these non-appealing defendants would lose their right of contribution against the appealing defendants, and for this reason their interests are affected by this appeal and they become adverse parties entitled to be served with notice of appeal within the meaning of the above cited cases.

The facts in this case so far as material to this motion are, as follows: George DeKraai was operating a motor truck owned by John Strand, and Joe Krogstad was driving an automobile owned by A. M. Brende. Brende was riding with Krogstad at

the time of the accident involved herein, and DeKraai was acting within the scope of his employment as a servant and agent of Strand. The truck was following the car driven by Krogstad on the paved road between Dell Rapids and Sioux Falls. Krogstad stopped the car upon the pavement and the truck immediately thereafter struck the Krogstad car and collided with the car driven by plaintiff's intestate. Involved in the actions of DeKraai, the driver of the truck, was a violation of the statutes of this state. See Section 16, Chapter 251, Laws of 1929, SDC 44.0315. Judgment was rendered against all four defendants and only Krogstad and Brende have appealed.

The question here involved is whether, under the judgment as it now exists, the non-appealing defendants would have a right of contribution against the appealing defendants if these non-appealing defendants were compelled to pay this judgment. If the right of contribution exists, we are of the opinion that these non-appealing defendants are adverse parties within the meaning of the cases above cited.

This court has never decided the question of whether the right of contribution exists between joint tort-feasors. We have no statute governing the subject. Section 726, R. C. 1919, SDC 47.0106 provides: "A party to a joint, or joint and several, obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him." This section of our code presupposes some contractual relation between the parties and has no reference to joint tort-feasors. Tulare County v. Kings County, 117 Cal. 195, 49 P. 8; Forsythe v. Los Angeles Ry. Co., 149 Cal. 151, 87 P. 24; City of Lewiston v. Isaman, 19 Idaho 653, 115 P. 494; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641; City of Tacoma v. Bonnell, 65 Wash. 505, 118 P. 642, 36 L. R. A., N. S., 582, Ann. Cas. 1913B, 934. At least twelve states have adopted statutes specifically covering this right of contribution between joint tort-feasors. See Note 66 to the article "Contribution and Indemnity Between Tort-feasors," appearing in volume 81, U. of Pa. L. Rev., Page 130.

It is generally stated that in the absence of statute there is no right of contribution between joint tort-feasors. However, many exceptions have been grafted onto this general rule. See 13 Am. Jur. 34. We are concerned in this case with the ex-

ceptions only as they apply to the facts before us. By the great weight of authority, these two non-appealing defendants under the facts here disclosed would not be entitled to contribution from the appealing defendants. In the absence of statute, contribution would be allowed these two non-appealing defendants if compelled to pay the judgment, so far as we can determine, only in Wisconsin and, perhaps, Pennsylvania. Ellis v. Chicago & N. W. R. Co., 167 Wis. 392, 167 N. W. 1048; Standard Accident Ins. Co. v. Runquist, 209 Wis. 97, 244 N. W. 757; Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855; Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231; see article by Professor Bohlen "Contribution and Indemnity Between Tortfeasors," 21 Corn. L. Q. 552. Minnesota allows contribution between defendants, whose concurrent negligence results in an injury to a third person. Underwriters at Lloyds of Minneapolis v. Smith, 166 Minn. 388, 208 N. W. 13. However, this rule in Minnesota is qualified to the extent that if there is involved in the negligence of one of the defendants a breach of a statutory enactment, the right of contribution is denied the defendant who has breached the statute. Fidelity & Casualty Co. of New York v. Christenson, 183 Minn. 182, 236 N. W. 618. In support of the majority holding which would deny these non-appealing defendants the right of contribution, see the many cases cited in Cooley on Torts, 4th Ed., Section 89. The author of the article in the Pennsylvania Law Review referred to above at page 140, states: "The situation is not materially different where the tort liability of the parties between whom contribution is sought is based on personal negligence as distinguished from intended acts. The great weight of modern authority, where it is unchanged by statute, denies any right to contribution."

The author then cites cases, and continues: "The cases cited are merely typical ones, and do not by any means comprise an exhaustive list. There are literally hundreds of American cases to this effect."

The general common law in the United States as it exists today applicable to the facts here in question is stated in the Restatement of the Law on Restitution, Section 102, as follows: "Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has

made expenditures in the discharge of their liability is not entitled to contribution from the other."

There is a comment on ·this section, as follows: "In accordance with the rule stated in § 87 a principal who, although without personal fault, is subject to liability because of the negligence of an agent for whose conduct he is responsible is barred from restitution from a person whose negligence, combined with that of the agent, contributed to the injury."

The Section 87 referred to in the comment is, as follows:

"Where an agent has committed a tort for which, because of the agency relation, his principal is liable, the principal's rights and liabilities with respect to restitution because of a payment in discharge of the liability are the same as if he had acted personally, except

"(a) in an action between himself and the agent, and

"(b) in an action between himself and a person also vicariously liable for the agent's tort or a person colluding with the agent in the commission of the tort."

As an illustration under this section there is the following: "A is the servant of B, and C is the servant of D. A and C negligently collide, while in the scope of employment, injuring a bystander, E, who obtains a judgment against D which D satisfies. D is not entitled to contribution from B or from A. He is entitled to indemnity from C."

Section 3, R. C. 1919, SDC 65.0103 provides: "In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in section 65.0102."

■ In view of this statute and in view of this general holding which, in the absence of statute, would deny the right of contribution to these non-appealing defendants, which general holding came into being under the English Common Law (Merryweather v. Nixan [K. B. 1799], 8 T. R. 186, 101 Eng. Rep. 1337), and has continued, so far as the facts here are concerned, to be accepted by the great majority of courts, we are of the opinion that we should adhere to the general rule as that rule is stated in the Restatement of the Law of Restitution. Any change or modification of the rule, we believe, should be made by statute.

The motion to dismiss the appeal is denied.

All the Judges concur.