TUFTY, Respondent, v. SIOUX TRANSIT COMPANY, et al, Appellants

(7 N. W. 2d 619.)

(File No. 8606.   Opinion filed January 19, 1943.)

**Bailey, Voorhees, Woods & Bottum,** of Sioux Falls, for Appellant.

**Louis H. Smith,** and **Davenport, Evans & Hurwitz,** all of Sioux Falls, for Respondents.

RUDOLPH, J.   The defendants, Ted Tufty and Sioux Transit Company, were each charged in the complaint filed in this action with being negligent in the operation of separate motor vehicles, one of which was operated by the defendant Tufty and the other operated by the agent of the

Sioux Transit Company. The complaint further charged that the negligence of the two defendants resulted in the injury and death of plaintiff's intestate. A trial was had and a verdict returned by the jury against the defendant Sioux Transit Company only. The jury absolved the defendant Ted Tufty from any liability. Upon the verdict judgment was entered against the Sioux Transit Company and the complaint against the defendant Ted Tufty was dismissed on its merits. The defendant Sioux Transit Company has attempted to appeal not only from that portion of the judgment which fixes its liability, but also from the portion of the judgment which dismisses the complaint against Tufty. The action is now before this court on a motion of the defendant Tufty to dismiss the appeal of his codefendant in so far as it relates to that portion of the judgment absolving him from any liability.

■■ It is the contention of the defendant Tufty that no right of contribution exists between joint tort-feasors and that it follows that it is no concern of the appealing defendant whether or not the defendant Ted Tufty was held liable by the jury. The court in the case of Wallace v. Brende et al., 66 S. D. 582, 287 N. W. 328, in the absence of any statute on the subject, followed the general common law in the United States on the right of contribution between joint tort-feasors, which is stated in the Restatement of the Law on Restitution, Section 102, as follows: "Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other."

Such being the established law in this state, we are of the opinion that the defendant Tufty's position upon this motion to dismiss the appeal must be sustained. The defendant, Sioux Transit Company, being without the right of contribution against the defendant Tufty, has no basis upon which to complain against any judgment rendered against Tufty.

The appellant contends that there are exceptions to the rule denying contribution between joint tort-feasors, but appellant has failed to show that had the jury returned a verdict against Tufty, the facts of record would bring the case within the meaning of any of the exceptions to the rule and give to the Sioux Transit Company the right of contribution against Tufty. It is, therefore, our opinion that the motion must be granted. The appeal is dismissed in so far as it purports to appeal from that portion of the judgment dismissing the complaint against the defendant Ted Tufty.

All the Judges concur.