FIDELA RIVERA WIDOW OF COVAS, Plaintiff and Appellee, *v.* ARUNDEL CORPORATION ET AL., Defendants; GREAT AMERICAN INDEMNITY CO., Defendant and Appellant.

No. 10156.    Argued January 12, 1950.—Decided January 26, 1950.

*Francis* and *Ydrach* for appellant.   *Francisco González Jr.,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The plaintiff appellee moves to dismiss this appeal on the ground that we lack jurisdiction because the notice of appeal filed by codefendant Great American Indemnity Co. was not served on the codefendants Isabelo Mercado and Arundel Corporation who are necessary and adverse parties and whose interest may be affected by the judgment finally rendered by this Court.   The appellant has opposed the dismissal and alleges that although the codefendants Isabelo Mercado and Arundel Corporation were not served with the notice of appeal, they had knowledge thereof because they are represented by appellant's attorney, and besides, because said codefendants are not necessary and adverse parties in this appeal, since the judgment rendered by the lower court exonerated them from all responsibility in the accident and also exonerated appellant herein as to the policy which covered the vehicle of Isabelo Mercado and, therefore, the latter could have no opposing interest to appellant.   The same allegation is made as to the Arundel Corporation and it is further alleged by the appellant that since neither the plaintiff nor the other codefendants appealed from the judgment which exonerated Isabelo Mercado and the Arundel Corporation, said exoneration is res judicata between them and no judgment rendered on appeal could be enforced against Isabelo Mercado or the Arundel Corporation.

The amended complaint discloses that the plaintiff Fidela Rivera widow of Covas brought suit for damages for the death caused to her son in an accident against the "Arundel Corporation, Consolidated Engineering Co., Inc., Hardaway

Contracting Company" and against Eduardo Flores, Carmen Gloria Aponte, Rafael Guzmán, Isabelo Mercado, Calixto Contreras and the Great American Indemnity Company. It was alleged, in short, that the accident occurred as the result of a collision between three busses belonging to Rafael Guzmán, Isabelo Mercado and Calixto Contreras, which were under a contract with Eduardo Flores to transport employees to the works of the Arundel Corporation and that said busses were insured by policies of the codefendant Great American Indemnity Company.

In the judgment rendered by the lower court Isabelo Mercado and the Arundel Corporation were exonerated from all liability and the other codefendants were ordered to pay to the plaintiff $7,500.

█ We do not see how codefendants Isabelo Mercado and the Arundel Corporation can be considered adverse parties and, as such, necessary for the purpose of the appeal taken solely by the Great American Indemnity Company. Construing the scope of § 296 of the Code of Civil Procedure [1] we have said that the term "adverse party" for purposes of a notice of appeal, does not mean every party in the case but every party who will be affected by the reversal or modification of the judgment from which an appeal was taken. *Candelas* v. *Ramírez et al.*, 20 P.R.R. 31; *Ninlliat* v. *Suriñach et al.*, 25 P.R.R. 293; *Buonomo* v. *Sucn. of Juncos*, 27 P.R.R. 254; *Olivera* v. *González*, 52 P.R.R. 853; *González* v. *Berríos*, 57 P.R.R. 383.

█ Isabelo Mercado was sued in this case jointly with all the other defendants, as liable for the accident and the damages caused. It was in his capacity as joint tort feasor that he was sued and as such he was exonerated by the judg-

---

[1] Section 296 of the Code of Civil Procedure provides:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

790

ment and so was the Arundel Corporation. The theory of the complaint is that all the defendants were liable and under the ruling in *Cruz et al.* v. *Frau*, 31 P.R.R. 87; *Cubano* v. *Jiménez et al.*, 32 P.R.R. 155 and *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 328, "The rule is well settled that when damages result from the combined negligence of several persons, such persons are jointly and severally liable to the person injured and an action may be maintained against one or all of the persons causing the damage." (Syllabus, *Cubano* v. *Jiménez et al., supra*).

However, in this case the lower court exonerated the defendant Isabelo Mercado (and consequently the Arundel Corporation and the Great American Indemnity Company as to the policy issued in his favor) from the charge of having been a joint tort feasor, and the plaintiff did not appeal from that judgment which, as between them, is res judicata. Isabelo Mercado and the Arundel Corporation have no interest whatever nor are they adverse parties to the appellant Great American Indemnity Company, nor can they be affected by the result of this appeal since the judgment appealed from held that only Eduardo Flores and his wife, Rafael Guzmán and Calixto Contreras were liable for the accident and that the Great American Indemnity Company was liable under the policies issued in the name of the codefendants.

In *Lidfords* v. *Pflaum*, 205 Pac. 277 (Oregón, 1922) a similar question was decided, in the following terms:

"It is well settled that a joint tort-feasor cannot complain if his codefendant escapes liability by obtaining a favorable verdict or otherwise; the reason being that no contribution towards payment of the judgment can be enforced, as a general rule, between joint tort-feasors. In other words, as between defendants sued jointly for tort, neither one is concerned about whether the other is cast in judgment or not. ..."

That case involved two defendants, Pflaum and McClain, who were charged in tort for injuries said to have been caused to plaintiff by their concurrent negligence. The court found

for plaintiff as against Pflaum but was silent in its judgment as to McClain. The plaintiff, as in the instant case, did not appeal. Defendant Pflaum appealed but since he did not serve notice of the appeal on defendant McClain, the plaintiff, as here, moved for the dismissal of the appeal. The court held that the codefendants were not adverse parties for "the verdict has severed them and freed them from the joinder which the plaintiff formulated in his complaint. . . . As the plaintiff has not complained of the result of the litigation as to McClain, he is in no position to say that McClain should have been served with notice of appeal. . . . The deduction is that McClain can not be affected by the affirmance or reversal of the judgment against Pflaum, and is not an adverse party within the meaning of the statute requiring the notice of appeal to be served on all the adverse parties."

To the same effect see *Colby* v. *City of Portland*, 166 Pac. 537; *Hunted* v. *Allen*, 148 P. 2d 936; *Wallace* v. *Brende*, 287 N.W. 328.

The motion to dismiss is denied.