STATE OF NORTH DAKOTA ex rel. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU et al. v. PRZYBYLSKI et al. (Robert GIBB & SONS CO. et al., third parties defendant).

Civ. No. 359.

United States District Court
D. Minnesota, First Division.

May 9, 1951.

Cleon Headley and David W. Raudenbush, of St. Paul, Minn., for American Radiator & Standard Sanitary Corp.

Martin A. Beatty, of Winona, Minn., for Badger Machine Co.

Lanier & Lanier, of Fargo, N. D., for plaintiff Ray M. Robinson.

NORDBYE, Chief Judge.

It seems obvious that the third-party complaint as to the American Company must be dismissed because (1) it fails to allege any grounds upon which the defendants as third-party plaintiffs would be entitled to any relief as against this third-party defendant, and (2) the third-party complaint fails to come within the purview and scope of Rule 14(a), Federal Rules of Civil Procedure, as amended, 28 U.S.C.A.

■ A detailed analysis of the third-party complaint seems unnecessary. It may be observed, however, that it is claimed that the accident to Robinson occurred when certain copper tubing burst, which released the hydraulic pressure and allowed the boom to fall down on a machine designed for digging ditches or trenches. The machine was sold by the defendant to Robert Gibb & Sons Company and Robinson was employed by the latter. There is an utter absence of any allegation of negligence on the part of the American Company or any averment which indicates any violation of any duty on its part, express or implied, upon which liability over to the third-party plaintiff can be predicated. There is no allegation in the pleading which even suggests that there was any contract of indemnity between the American Company and the defendants. In fact, there is no privity of contract between the parties. The third-party complaint merely states, without more, that American Company sold the copper tubing to the Gibb & Sons Company, which the latter installed in the digging machine. There is no allegation as to any knowledge on the part of the American Company as to the use to which the tubing was to be put, and the pleader merely alleges that Gibb & Sons Company carelessly replaced the tubing which was furnished by the American Company.

■ Moreover, it is apparent that the pleader has failed to frame the third-party complaint within the scope of Rule 14(a). The third-party plaintiffs merely assume to state that the American Company may be liable to the plaintiff for all or part of the latter's damage. There is no claim that there is any liability over to the third-party plaintiffs on the part of the American Company in the event plaintiffs are unsuccessful in obtaining a verdict against the original defendants. Since the 1948 amendment to Rule 14(a), the only person who can be brought in under that rule is a person secondarily liable to the original defendant.

■ There is a suggestion in defendants' brief as to an amendment of the third-party complaint, but that matter is not before the Court at this time. No amendment has been proffered, and there is nothing for the Court to pass upon in that regard. In passing, however, it may not be amiss for the Court to indicate his views on the right of contribution between joint tort-feasors in the State of North Dakota where this accident happened. At the outset, it seems clear that the right of contribution must be governed by the substantive law of the State of North Dakota. If there is a right of contribution, it must stem from the law of the State where the tort was committed. Holstlaw v. Southern R. Co., D.C.E.D.Mo., 9 F.R.D. 276. There is no statute in North Dakota which permits contribution. The Code of that State, however, does adopt the general common law in absence of statutory enactment applicable to civil rights and remedies. Reeves & Co. v. Russell, 28 N.D. 265, 148 N.W. 654, L.R.A.1915D, 1149. The general common law rule, subject to some exceptions, does not sanction contributions between tort-feasors, and while

there is no reported case in the North Dakota Supreme Court as to the common law of that State in this regard, its sister State of South Dakota, with a similar statute to that construed in Reeves & Co., supra, has determined that the general common law rule against contribution exists in that State. Wallace v. Brende, 66 S.D. 582, 287 N.W. 328. Moreover, the Federal Court in the District of North Dakota has passed directly upon the question in an unreported decision in the case of Torrance et al. v. Montana-Dakota Utilities Company, defendant and third-party plaintiff, v. Reinhold Delzer et al., third-party defendants, Civil No. 1716, S. W. Division, District of North Dakota. In that case, plaintiff alleged that the defendant supplied natural gas through its pipe line to plaintiff's house, and on July 19, 1948, the gas pipe was accidently bent in the course of certain excavation work, which caused or allowed gas to escape, resulting in a violent explosion. Defendant's negligence was predicated apparently upon its failure to repair the break after notice. The defendant gas company joined the contractor, Reinhold Delzer, who did the excavating, as a third-party defendant on the grounds that the contractor was negligent in breaking the gas main. The defendant as third-party plaintiff asked that if judgment be obtained in favor of the plaintiff and against it, defendant have judgment over against the third-party defendant Delzer for whatever sum might be recovered against it by the plaintiff. A motion to dismiss the third-party complaint was made on the principal ground that, under the common law of the State of North Dakota, there can be no contribution between joint tort-feasors. Judge Vogel, in an oral decision, granted the motion. It is significant that the moving defendant therein emphasized, and the Court apparently accepted, the view of the South Dakota Supreme Court as set forth in Tufty v. Sioux Transit Company, 69 S. D. 148, 7 N.W.2d 619, and in which case the court affirmed its views as expressed in Wallace v. Brende, supra, and quoted with approval the Restatement of the Law of Restitution, Section 102, as follows: "Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other."

It follows from the foregoing that the motion of the American Company to dismiss the third-party complaint as to it must be, and the same hereby is, granted. It is so ordered.

An exception is allowed.