SHAWD, ADMX., APPELLANT, v. DONOHOE ET AL.,
APPELLEES.

(No. 4998—Decided February 26, 1954.)

*Messrs. Collopy, Jones & Newlon,* for appellant.
*Mr. Bruce G. Lynn,* for appellee H. L. Donohoe.
*Mr. Paul R. Gingher, Messrs. Arter, Hadden, Wyk-off & Van Duzer* and *Mr. C. M. Horn,* for appellees
Robert D. Taylor, The Cleveland Clinic Foundation
and The Cleveland Clinic Company.

*Per Curiam.* This is an appeal on questions of law
from a judgment of the Common Pleas Court of
Franklin County in an action sounding in tort, brought
by Roberta Shawd, administratrix of the estate of John
A. Shawd, deceased, against H. L. Donohoe of Colum-
bus, Ohio, and Robert D. Taylor, The Cleveland Clinic
Foundation and The Cleveland Clinic Company of
Cleveland, Ohio.

One of the defendants being a resident of Franklin County and the others being nonresidents, the nonresidents filed motions to quash the service of summons on the ground of misjoinder. From an order sustaining the motions, the plaintiff appeals.

That the question of misjoinder may be raised by motion to quash service of summons is well established. *Canton Provision Co.* v. *Gauder, a Minor,* 130 Ohio St., 43, 196 N. E., 634.

If defendants are properly joined, summonses may be issued to any other county against one or more nonresident defendants. Section 11282, General Code. Were the defendants here properly joined as contemplated by Section 11255, General Code?

Our Supreme Court recently ruled on the question of joinder in *Meyer* v. *Cincinnati Street Ry. Co.,* 157 Ohio St., 38, 104 N. E. (2d), 173, and in the syllabus held:

"1. Where damage or injury is proximately caused by independent but concurrent wrongful acts of two or more persons, joint liability results, and such wrongdoers may be joined as defendants even though they may not have acted in concert in the execution of a common purpose and the want of care of such defendants may not have been of the same character, and joint or several judgments may be rendered against such wrongdoers.

"2. The predicate of joint liability is not necessarily limited to the commission of a joint act or joint tort. (Paragraph three of the syllabus of *Stark County Agricultural Society* v. *Brenner, an Infant,* 122 Ohio St., 560, overruled.)"

The court in its opinion, on page 41, said:

"The concept that 'joint liability' can arise only from the commission of a 'joint tort' is fundamentally unsound. Joint *liability* can arise from the concurrent

commission of independent wrongful acts, each having causal connection with the injury or damage complained of.''

And on page 44 the court said further:

''It is the opinion of this court that Section 11255, General Code, reasonably construed, does not limit the right to join defendants to situations where the defendants have committed a joint tort in the sense that they have committed a wrongful act in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other.

'' * * *

'' * * * If two or more persons have concurrently committed independent wrongful acts each having proximate causal connection with the injury or damage complained of, each of such persons has such interest in the controversy adverse to the injured person as to warrant joinder of such persons as defendants in an action brought by the injured or damaged person.''

In *Garbe* v. *Halloran,* 150 Ohio St., 476, 83 N. E. (2d), 217, the first and second paragraphs of the syllabus are as follows:

''1. Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.

''2. Where the negligence of an earlier wrongdoer remains a dangerous force until the negligence of a later wrongdoer concurs and combines with it to cause injury, the wrongdoers are concurrent tort-feasors and their combined negligence becomes the proximate cause of the injury.''

In *Davis, Admr.,* v. *Lanesky,* 91 Ohio App., 125, 107 N. E. (2d), 919, the second and third paragraphs of the syllabus are as follows:

"2. A cause of action is stated against two defendants, even though neither common duty, common design nor concerted action may be shown, where a case is alleged of concurrent negligence on their part in producing a single indivisible injury.

"3. The test for determining the propriety of joinder of parties defendant is not that of concert of action, and a joinder is proper where the wrongful acts of two defendants acting independently have concurred in producing a single injury."

And on page 129 the court, in discussing the pleadings in that case, said:

"Taking the allegations of the petition as they stand, it seems to us that a cause of action is stated against both defendants in that, even though neither common duty, common design, nor concerted action may be shown, a case is made out of concurrent negligence in producing a single indivisible injury within the language of *Wery* v. *Seff, supra,* and *Garbe* v. *Halloran, supra."

And on page 130 the court said further:

"In the present case, the wrongful death of plaintiff's decedent allegedly involves the wrongful acts of two defendants acting independently who have concurred in producing a single injury."

Does the petition in the instant case meet the test laid down?

The pertinent part of the petition is as follows:

"Plaintiff says that at all times herein complained of, the defendant, The Cleveland Clinic Foundation and The Cleveland Clinic Company are corporations organized and existing under and by virtue of the laws of the state of Ohio and are engaged in the practice of medicine and in the business of conducting a hospital for profit, where, for a consideration, patients are prescribed for and treated and where interns and resident

doctors and other professionals are hired to treat patients and to perform operations for and on behalf of The Cleveland Clinic Foundation and The Cleveland Clinic Company. Plaintiff further says that at all times herein complained of the defendant Dr. H. L. Donohoe was a practicing physician in the city of Columbus, Ohio, and the defendant Dr. Robert D. Taylor was a practicing physician in the city of Cleveland, Ohio. Plaintiff says that Dr. Robert D. Taylor, Dr. H. L. Donohoe and the above corporate defendants were jointly and severally engaged in the enterprise of the medical treatment of the defendant's decedent and were so doing on September 17, 1950. Plaintiff says that plaintiff's decedent was directed by Dr. H. L. Donohoe to visit The Cleveland Clinic Company and/or The Cleveland Clinic Foundation, and was there treated by Dr. Robert D. Taylor, a practicing physician employed by or acting for the said Cleveland Clinic Company and/or the Cleveland Clinic Foundation. Dr. Taylor examined said decedent, prescribing a course of medical treatment for the control of his weight and for headaches with which he had been suffering.

"Plaintiff says that the defendant Dr. Robert D. Taylor gave to said decedent a prescription for seventy (70) capsules of Lillys Pulvoules Aminopyrine with Amytol with directions for taking the same; that said decedent obtained the same and took sixty-four (64) of said capsules as directed. Dr. Taylor thereafter, in writing, advised Dr. Donohoe of the treatment prescribed for plaintiff's decedent.

"Plaintiff says that during the period of time plaintiff's decedent was taking the prescribed medicine as directed and as a result of taking the same, gangrene set in in his left great toe, he became ill with numerous ailments, and that on or about the 8th day of September, 1950 he was placed in the hospital by Dr. H. L.

Donohoe for an ailment diagnosed as a sore throat; that he became rapidly worse and died September 17, 1950.

"Plaintiff says that the defendants' failure, severally and jointly, to use due and proper care and diligence in the treatment of plaintiff's decedent was the sole and proximate cause of the decedent's illness above described."

The essential and determinative allegations are that Donohoe referred the decedent to the clinic. It may be conceded that joint liability would not result from the mere referral. Taylor diagnosed the case and prescribed the treatment. Donohoe had nothing to do with the diagnosis or the prescribing of the treatment. The decedent returned to Columbus and took the treatment as directed. The petition does not state the date of the referral to the clinic, the date when decedent went to the clinic, or the period of time during which decedent was under the treatment prescribed by Taylor. Decedent did not communicate with Donohoe until September 8, 1950, after he had used 64 of the 70 capsules prescribed. The decedent then was ill with numerous ailments. Donohoe placed decedent in the hospital in Columbus for an ailment which he diagnosed as a sore throat. Decedent then became rapidly worse and died nine days later.

It is not essential to allege facts showing that defendants jointly committed a tort. "Joint *liability* can arise from the concurrent commission of independent wrongful acts, each having causal connection with the injury or damage complained of." *Meyer* v. *Cincinnati Street Ry. Co., supra.* The negligence of two persons need not concur in point of time, "but in point of consequence, in producing a single indivisible injury." *Garbe* v. *Halloran, supra.* Where the negligence of one wrongdoer continues until the negligence

of a later wrongdoer concurs and combines with it to cause injury, the wrongdoers are concurrent tortfeasors and their combined negligence is the proximate cause of the injury.

In the instant case, it is alleged in effect that the negligence of Taylor continued until the negligence of Donohoe, after September 8, 1950, concurred and combined with the negligence of Taylor to cause one indivisible injury, resulting in the illness and death of the decedent, and that the combined negligence proximately caused the illness and death of the decedent.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.