BROWN, Plaintiff v. MURDY, Third-Party Plaintiff and Appellant v. MANNING, Third-Party Defendant and Respondent

(102 N.W.2d 664)

(File No. 9794. Opinion filed May 2, 1960)

**Campbell, Voas & Richardson,** Aberdeen, for Defendant and third-party Plaintiff and Appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for third-party Defendant and Respondent.

GRIEVES, Circuit Judge. This is a malpractice suit instituted on December 5, 1958, by the plaintiff against the appellant, Dr. Carson D. Murdy. The complaint alleges that on the 10th day of December, 1957, the plaintiff received injuries consisting of a comminuted fracture of the tibia of the left leg; that on the same date he employed and placed himself under the care of said defendant to set and treat said fracture; that defendant negligently and carelessly failed to reset the broken tibia, failed to take or have taken an X-ray plate of the broken bone and applied a cast too tightly causing a circulatory and neurological disturbance in the lower left leg resulting in the amputation of plaintiff's left foot; that as a proximate result of defendant's negligence and carelessness, plaintiff suffered permanent injury the loss of his left foot, great permanent pain and suffering and

great expense in attempting to obtain a cure and relief and thereby suffered damages in the sum of $150,000.

Before answering, defendant and appellant was permitted by timely ex parte order of the Circuit Court to serve a third-party plaintiff summons and complaint on Dr. Don H. Manning, a third-party defendant and respondent as permitted by SDC Supp. 33.04A08.

The answer and third-party complaint of appellant denies negligence on his part and alleges that plaintiff was removed from Aberdeen to the Veterans Hospital at Sioux Falls, South Dakota, on December 18, 1957, and from said date on was under the care of Dr. Don H. Manning, third-party defendant and respondent; that some six months subsequent to December 18, 1957, the left leg of plaintiff was amputated in the fracture site; that if there was any negligence in the treatment of plaintiff it was the negligence of Dr. Manning and that the injuries of plaintiff, if caused by negligence, were the result of the negligence of the third-party defendant rather than any negligence whatsoever on the part of appellant. The third-party complaint asks that the issue of the relative degree of fault be submitted to the jury and that the jury determine the pro rata share or degree of fault, if any, on the part of the two doctors, and that judgment be rendered accordingly as provided by SDC Supp. 33.04A.

Plaintiff, after receiving the third-party complaint, amended his complaint re-alleging all the material allegations of his original complaint and further pleading that subsequent to December 18, 1957, he was at least partially under the care of the third-party defendant, Dr. Manning; that he believes the loss of his foot was caused by the negligence of the defendant, Dr. Murdy, but if said third-party defendant was negligent as alleged in the third-party complaint, said liability should likewise be determined in this action. The prayer for judgment is the same as in the original complaint except that there is added: "and also against the third party defendant for the same sum in the

event the Court determines any liability against said third party defendant".

On January 14, 1959, third-party defendant moved to dismiss the third-party complaint upon the grounds that said complaint fails to state a cause of action against third-party defendant upon which relief may be granted and that "2. There has been a misjoinder of parties defendant * * * ."

On January 16, 1959, appellant and third-party plaintiff moved to amend his complaint to further allege that if there was any negligence in the treatment of plaintiff it was negligence of the third-party defendant in attempting to reduce the fracture of plaintiff's leg by open reduction and internal fixation at a time when such procedure was not necessary or advisable when third-party defendant should have known that the leg was in no condition for the operation and that the same would result in the loss of the leg and in permitting plaintiff to leave the hospital at a time when third-party defendant knew or should have known that infection was present and active in said leg and at a time when continuing and constant care and supervision thereof were required.

Both the motion to dismiss and the motion to amend the third-party plaintiff complaint were heard by the trial court on January 26, 1959. The court by order dated March 12, 1959, granted the motion to dismiss the third-party complaint and ordered the amended complaint of the plaintiff against defendant and third-party defendant dismissed and the original complaint of plaintiff against the defendant reinstated as the serving complaint in the action. This appeal is from this order.

It is contended that under the law of this state, the defendant, Murdy, and the third-party defendant, Manning, can not be considered joint tortfeasors because there was no concert of action; that said defendants were severally and successively engaged to treat plaintiff's injury at completely distinct times and places; that neither the engage-

ment nor the services of the physicians were in any sense concurrent and that each is liable only for the damage caused by his own tort and is not liable to the other in contribution.

■ There is no right in the absence of statute to contribution among joint tortfeasors. Wallace v. Brende, 66 S.D. 582, 287 N.W. 328; Tufty v. Sioux Transit Co., 69 S.D. 148, 7 N.W.2d 619. This rule was changed by the adoption in 1945, Chap. 167, of the "Uniform Contribution Among Tortfeasors Act". By Section 1 of the Act (SDC Supp. 33.04A02) "joint tortfeasors" are defined to be "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them". Section 2 (SDC Supp. 33.04A03) provides that "The right of contribution exists among joint tortfeasors." Section 7 (SDC Supp. 33.04A08 provides: "Before answering, a defendant seeking contribution in a tort action may move ex parte or, after answering, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him.  *  *  *  The plaintiff shall amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant". The Commissioners in their notes to the Act comment: "The common obligation contemplated by this Act is the common liability of the tortfeasors to suffer adverse judgment at the instance of the injured person, whether or not the injured person elects to impose it.  *  *  *  It permits contribution among all tortfeasors whom the injured person could hold liable jointly and severally for the same damage or injury to his person or property."

The question is whether third-party defendant is a joint tortfeasor within the meaning of the act. This Court has held that where there are successive and distinct torts resulting in separate injuries and there is no community of wrongdoing each tortfeasor is severally liable and may not be join-

ed. Northern Finance Corp. v. Midwest Credit Co., 59 S.D. 282, 239 N.W. 242; Cresbard Grain Co. v. Farnham, 60 S.D. 179, 244 N.W. 91. Both cases were decided before the adoption of the Uniform Contribution Among Tortfeasors Law and both are distinguishable from this case. The Northern Finance Corp. case was an action brought against successive purchasers of mortgaged property wrongfully sold by the mortgagor. The converters were not united in a common purpose and it could not be said that the second converter became a participant in the original sale. In that case there could have been only one conversion and one converter so far as the plaintiff was concerned and the two defendants were thus held not to be joint tortfeasors. In the Cresbard Grain Co. case the plaintiff sold a motor truck to Farnham. It took and filed a mortgage on the truck to secure the note given for part of the purchase price. The defendant Farnham sold and delivered the truck to defendant Smoot who had knowledge of the mortgage lien. While Smoot was operating the truck, defendant Schull negligently collided with and demolished the mortgaged property. Plaintiff attempted to join Farnham, Smoot, and Schull as joint tortfeasors in an action for the amount of the mortgage lien for the destruction of the truck. This Court held that said defendants could not be so joined; that defendant Farnham and defendant Schull were not tortfeasors in the destruction of the truck, for Farnham had nothing whatever to do with the destruction of the truck and that Farnham and Schull were not joint tortfeasors in the sale of the mortgaged truck because defendant Schull had nothing whatever to do with the purchase and sale of the mortgaged truck.

In this case there is community of wrongdoing pleaded. Both tortfeasors are alleged to have successively treated the plaintiff for the same injury. It is also pleaded in effect that the combined negligence of the two defendants concurred in producing the same indivisible injury to the plaintiff. "There is much authority in favor of the principle that joint, or more precisely, joint and several, liability may exist notwithstanding the absence of concerted action on the part of wrongdoers. Thus, where the independent tortious acts of two

or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of concerted action." 52 Am.Jur., Torts, § 112, page 451.

Respondent contends that if plaintiff had elected to join him as a defendant in the action he could have properly done so but that appellant should not be permitted to change the theory of plaintiff's lawsuit by bringing in a third-party defendant. With this contention we cannot agree. SDC Supp. 33.04A08, supra, clearly permits a defendant to implead a third-party defendant who is "not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him".

Concert of action has been held unnecessary as a general rule if the successive torts concur in producing the same indivisible injury. 86 C.J.S. Torts § 35, p. 951; Oklahoma Ry. Co. v. Ivery, 201 Okl. 245, 204 P.2d 978; Ristam v. Frantzen, 26 N.J. Super. 225, 97 A.2d 726; Phillips Petroleum Co. v. Hardee, 5 Cir., 189 F.2d 205; Shawd v. Donohoe, 97 Ohio App. 252, 125 N.E.2d 368; Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202.

This Court in Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583, recognized the general rule that where separate and independent acts of tortfeasors combine to produce directly an injury each is responsible for the entire harm. Their negligence need not concur in point of time. The question is whether their combined negligence is the proximate cause of the injury. See also Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836. For a case in point involving similar questions in a malpractice action in a state that has also adopted the Uniform Contribution Among Tortfeasors Law see Applegate v. Riggall, Ark., 318 S.W.2d 596.

It is pointed out that the Uniform Contribution Among Tortfeasors Act does not authorize a pro rata allocation of liability of the various tortfeasors to the injured person, but permits apportionment only as among the tortfeasors themselves. Annotation 34 A.L.R.2d 1112.

■ We are of the opinion that under all the pleadings in this case the appellant Murdy had the right to join Dr. Manning as a joint tortfeasor third-party defendant. It is true that the alleged negligence of the two tortfeasors took place at different times and at different places and that each doctor followed his own course of treatment, but both of said courses of treatment are alleged to have been negligent and to have resulted in producing the same indivisible injury to the plaintiff. The negligence of either or both could be found to be the proximate cause of the same injury.

The order appealed from is reversed and the cause is remanded with directions to reinstate the thrid-party plaintiff complaint and the amended complaint of the plaintiff.

All the Judges concur.

. GRIEVES, Circuit Judge, sitting for SMITH, J., disqualified.