The petitioners, Ewin B. Jenkins, Jr., M.D., an individual; Ewin B. Jenkins, Jr., M.D., a professional corporation; William A. Sims, M.D.; Drs. Sims, Sparks and Jenkins, Orthopedic Surgery, seek a writ of mandamus to compel the Circuit Court of Jefferson County to sever and transfer claims made against them, in an amended complaint, from claims against other defendants in the original complaint. We deny the writ.
Billie Michael Gaston (hereinafter "Gaston") and his wife, Fay K. Gaston, filed a complaint on August 15, 1985, in the Circuit Court of Jefferson County against CNA Insurance and against certain supervisory employees and executive officers of the Fruehauf Corporation (hereinafter "employee defendants"). The complaint alleges that on August 23, 1984, while working in the line and scope of his employment with Fruehauf Corporation in Decatur, Alabama, Gaston was injured when a bundle of aluminum sheets fell on him as it was being lifted by a crane. The complaint further alleges that Gaston's injuries were a proximate consequence of negligent and/or wanton conduct of the insurance company and the employee defendants.
On July 31, 1986, Gaston filed an amendment to the original complaint, adding the following defendants: "Ewin Burrow Jenkins, M.D.; Ewin Burrow Jenkins, Jr., M.D., professional corporation; Dyrc Frederick Sibrans, M.D.; William Arthur Sims, M.D.; Decatur Orthopedic Clinic; Drs. Sims, Sparks, and Jenkins, M.D., P.A., Orthopedic Surgery; Decatur General Hospital." The amended complaint alleges that the "said defendants negligently provided medical services to Plaintiff and negligently breached acceptable standards of practice in providing such medical services in that said defendants failed to timely and properly detect, diagnose and treat his condition." The amended complaint also alleges that the conduct of each of the defendants "combined and concurred, and proximately caused the plaintiff's injuries and damages."
The defendants who are the petitioners in the proceedingsub judice filed a joint answer to the amended complaint on August 21, 1986. On September 11, 1986, these defendants filed a motion to sever the claims asserted against them and to transfer the severed action to the Circuit Court of Morgan County. After the trial court overruled the motion to sever and transfer on September 17, 1986, this petition for a writ of mandamus was filed.
Petitioners contend that they were not properly joined as defendants in the original action under Rule 20, A.R.Civ.P. Rule 20(a) provides for permissive joinder of defendants as follows:
 "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."
According to petitioners, the trial court should have ordered a severance because the events giving rise to the original action against the employee defendants and those giving rise to the subsequent action against the medical providers are separate and distinct.
In Guthrie v. Bio-Medical Laboratories, 442 So.2d 92
(Ala. 1983), the plaintiffs, parents of a child born with injuries allegedly attributable to the Rh incompatability between the mother and child, filed suit against a number of defendants, including a medical laboratory that had inaccurately typed the mother's blood more than four years prior to the child's birth and including three physicians who had treated and performed blood testing of the mother after she became pregnant. The trial court ordered a severance of the action against the three physicians and transferred the action against them. The plaintiffs petitioned for a writ of mandamus compelling the trial court to vacate its order severing *Page 234 
and transferring the action against the three physicians.
In granting the writ of mandamus, the Guthrie Court determined that under Rule 20, A.R.Civ.P., the plaintiffs were entitled to join the defendants in one action. Addressing the argument that the alleged mistyping by the medical laboratory had no effect on the treatment provided by the three physicians, the Court stated:
 "Nothing in the rules of civil procedure requires the allegedly negligent acts of all the defendants to be so intertwined. It is not essential to allege that the defendants jointly committed a single tort in order for the plaintiff(s) to properly join them in one action. It is sufficient to allege that successive torts concurred in producing the same indivisible injury." (Citations omitted.)
Guthrie, 442 So.2d at 96.
In the case presently before this Court, the original complaint and the amended complaint allege that each defendant was negligent and that as a proximate result Gaston sustained the injuries for which he seeks to recover damages. The claims asserted by Gaston arose out of the same series of occurrences that began with his injury at his place of employment and continued with his resulting hospitalization and treatment for that original injury. The action filed by Gaston presents factual questions common to all defendants with regard to damages and proximate cause. Thus, under the provisions of Rule 20(a), A.R.Civ.P., the plaintiffs may join the defendants in one action.
Severance of a claim from the original action, as established by Rule 21, A.R.Civ.P., creates a new action in which an independent judgment results. Key v. Robert M. Duke InsuranceAgency, 340 So.2d 781, 783 (Ala. 1976). A severance of the claims against the petitioners in this case from the other defendants would result in two separate actions and would present the possibility of inconsistent judgments. By joining all the defendants in this one action, consistency of result, as well as judicial economy, will be promoted. See Committee Comments, Rule 20, A.R.Civ.P.
"Mandamus itself is an extraordinary remedy which should only be granted when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner." Ex parte Hartford Insurance Co.,394 So.2d 933, 936 (Ala. 1981). We are unable to find an abuse of discretion by the trial court in overruling the motion to sever and transfer claims made against the petitioners. Therefore, the writ of mandamus is denied.
WRIT DENIED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.