PARKER, Justice.
 

 American Heritage Life Insurance Company (“AHLIC”) petitions this Court for a writ of mandamus directing the Bullock Circuit Court to vacate its March 13, 2009, order denying AHLIC’s motion to sever the claims against it from the claim against David Garth, an inmate who attacked and injured the plaintiff, Vernon Day, a correctional officer, and to sever the claims. We grant the petition and issue the writ.
 

 Background and Procedural Posture
 

 On or about June 19, 2007, Garth, an inmate at the Bullock County Correctional Facility, allegedly attacked Day, a correctional officer at the facility. Day suffered fractures to his facial bones and his nose and broken teeth. At the time of the attack, Day had an “accident plan” insurance policy in effect with AHLIC. The policy covered Day’s family, and, as the insured, Day’s coverage included $20,000 for accidental death or dismemberment, $2,000 for a dislocation or fracture, $100 per day for hospital confinement, $100 for an ambulance benefit, $250 maximum for medical expenses, and $600 per month as a disability benefit. These amounts are subject to factors that depend on the injuries suffered. As a result of the attack, Day
 
 *476
 
 filed a claim for benefits under the policy, and on July 26, 2007, AHLIC paid Day $800.
 
 [1]
 

 On June 26, 2008, Day, dissatisfied with the amount of the benefit he received, sued AHLIC, Garth, and various fictitiously named defendants, claiming that AHLIC was guilty of breach of contract, bad-faith refusal to pay a just claim, bad-faith refusal to investigate a claim, and negligent and/or wanton hiring, training, and/or supervision. These were Counts I, II, III, and V, respectively, in his complaint. Count IV of the complaint asserted a tort claim against Garth for damages based on assault and battery.
 

 On August 15, 2008, AHLIC filed a motion to sever the tort claim against Garth from the claims against it. It argued that there are no issues of law or fact common to the claims against it and the claim against Garth. Because the claims are separate and distinct, AHLIC argued, they were not subject to joinder under Rule 20, Ala. R. Civ. P.,
 
 [2]
 
 and it sought a severance under Rule 21, Ala. R. Civ. P.
 
 [3]
 
 In its motion, AHLIC quoted from
 
 Ex parte Novartis Pharmaceuticals Corp.,
 
 975 So.2d 297, 299 (Ala.2007), to support its argument:
 

 “ ‘In order to join defendants pursuant to Rule 20(a),
 
 both
 
 requirements imposed by the rule must be met: (1) the plaintiff must assert against each defendant a “right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences,” and (2) there will arise in the action “any question of law or fact common to all defendants.”
 
 A misjoin-der occurs if either of the Rule 20(a) requirements is not satisfied.
 
 Rule 21 ... provides for severance of claims if joinder of the claims was improper under Rule 20.’ ”
 

 (Second emphasis added in petition.)
 

 AHLIC further argued that it could not be held jointly or severally liable for Garth’s attack on Day. In support of the argument, AHLIC presented the elements of an assault-and-battery claim, which it quoted from
 
 Wright v. Wright,
 
 654 So.2d 542, 544 (Ala.1995). It also quoted the elements of a breach-of-contract claim as defined by this Court in
 
 Congress Life Insurance Co. v. Barstow,
 
 799 So.2d 931, 937 (Ala.2001), to show that the elements of the claims do not overlap, nor do the elements of the assault-and-battery claim overlap the elements of a bad-faith claim, as defined in
 
 National Security Fire &
 
 
 *477
 

 Casualty Co. v. Bowen,
 
 417 So.2d 179 (Ala.1982), from which it also quoted. As to this argument, AHLIC’s motion to sever states:
 

 “Elements of an Assault and Battery Claim (Defendant Garth).
 
 In Alabama, the elements of an assault and battery claim are as follows:
 

 “ ‘[A]n intentional, unlawful offer to touch the person of another in [a] rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt if not prevented. A successful assault becomes a battery, which consists of the touching of another in a hostile manner.’
 

 “Wright v. Wright,
 
 654 So.2d 542, 544 (Ala.1995).
 

 “Elements of a Breach of Contract Claim (Defendant [AHLIC]).
 
 To establish a breach of contract claim, a plaintiff must prove: ‘(1) the existence of a valid contract binding the parties in the action, (2) [his] own performance under the contract, (3) the defendant’s nonperformance, and (4) damages.’
 
 Congress Life Ins. Co. v. Barstow,
 
 799 So.2d 931, 937 (Ala.2001).
 

 “Elements of a Bad Faith Claim (Defendant [AHLIC]).
 
 In a ‘normal’ case of bad faith, a plaintiff has the burden of proving:
 

 “(a) An insurance contract between the parties and a breach thereof by the defendant;
 

 “(b) An intentional refusal to pay the insured’s claim;
 

 “(c) The absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 

 “(d) The insurer’s actual knowledge of the absence of any legitimate or arguable reason; [and]
 

 “(e) If the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer’s intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
 

 “See National Sec. Fire & Cas. Co. v. Bowen,
 
 417 So.2d 179 (Ala.1982).”
 

 AHLIC argued in its motion to sever that, besides the fact that there is no overlap between the claims against the two defendants, there was no allegation that the two defendants acted in concert and its alleged misconduct had no legal effect on Day’s cause of action against Garth. AHLIC then quoted the holding of the Mississippi Supreme Court in an analogous case,
 
 Hegwood v. Williamson,
 
 949 So.2d 728, 731 (Miss.2007):
 

 “ “We find that the circuit court should have severed the claims. The third party tort claim against Williamson and the first party breach of contract and bad faith claims involve distinct litigable events. The claims against Williamson and State Farm arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages
 
 *478
 
 may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).’ ”
 

 AHLIC argued in its motion to sever that although the injuries for which the claim for benefits was filed arose from Garth’s attack on Day, the claims involve “different elements of proof, different defenses, and different witnesses. [AHLIC] should be relieved of the potential prejudice and jury confusion, not to mention unnecessary expense, of having to defend [Day’s] breach of contract and bad faith claims in the context of a wholly unrelated violent assault and battery claim.”
 

 On November 3, 2008, Day responded to AHLIC’s motion to sever, saying that his case is unlike
 
 Novartis,
 
 in which the plaintiffs sued 73 separate defendants that had “participated in ‘unrelated’ acts that were ‘coincidentally similar,’ ... but, instead [Day] joined two defendants whose actions were part of the same series of transactions or occurrences that injured [Day], As such, the joinder is proper.” Furthermore, Day quoted
 
 Ex parte Rudolph,
 
 515 So.2d 704, 706 (Ala.1987), to argue that there “is no absolute rule for determining what constitutes ‘a series of transactions of occurrences.’ Generally, that is determined on a case by case basis and is left to the discretion of the trial judge.” Day argued that whether his injuries were caused by an accident is a question of fact common to both cases, as are the extent of his injuries, the amount of the medical bills, and whether those bills result from Garth’s actions. Day argued in his response that Garth set in motion a series of events that is the basis for the action and that AHLIC’s actions are merely another event in the series, as envisioned by Rule 20. Citing
 
 Brooks v. Paulk & Cope, Inc.,
 
 176 F.Supp.2d 1270, 1276 (M.D.Ala.2001), Day argued that Rule 20 does not require a basis for joint liability, but also allows joinder on the basis of several liability.
 

 On November 5, 2008, AHLIC supplemented its motion to sever, arguing that there was no question of fact or law common to the claims against it and the tort claim against Garth. According to AHL-IC, Day’s allegation that the issue whether the assault on him was an accident, which, he says, gives the claims their commonality, was settled when AHLIC made payment under the accident policy. The extent of Day’s injuries is not a common issue of fact because, AHLIC argued, the policy limits define AHLIC’s liability at $2,000 for a dislocation or a fracture, adjusted to 15% of that amount for fracture of the bones of the face or the nose.
 

 On March 13, 2009, the trial court denied AHLIC’s motion to sever without explanation. This petition follows.
 

 In its petition, AHLIC states the issue as whether the trial court exceeded its discretion when it denied AHLIC’s motion to sever Day’s claims against it from Day’s tort claim against Garth. AHLIC argues that Day did not carry his burden under Rule 20(a), Ala. R. Civ. P., to demonstrate both that he had a right to relief from both defendants arising out of the same transaction or occurrence and that there existed a question of law or fact common to both defendants. Because of the alleged failure, AHLIC claims that it has a clear legal right to the relief sought. AHLIC claims that it has no other adequate remedy because, it says, unless mandamus relief is granted, it will be forced to defend the claims in a trial in which the jury will hear evidence of pain and suffering related to a violent assault that is the basis of Day’s claim against Garth and that is otherwise unrelated to his claims against AHLIC.
 
 *479
 
 AHLIC claims that it will be prejudiced if the case proceeds without a severance.
 

 Standard of Review
 

 “ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
 

 “Ex parte Perfection Siding, Inc.,
 
 882 So.2d 307, 309-10 (Ala.2003) (quoting
 
 Ex parte Integon Corp.,
 
 672 So.2d 497, 499 (Ala.1995)). ‘A petition for a writ of mandamus is the appropriate means for challenging a trial court’s ruling on a motion to sever claims.’
 
 Ex parte Alfa Life Ins. Corp.,
 
 923 So.2d 272, 273 (Ala.2005).”
 

 Ex parte Novartis Pharms. Corp.,
 
 975 So.2d at 299. “[A] writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.
 
 Ex parte Harrington Mfg. Co.,
 
 414 So.2d 74 (Ala.1982).”
 
 Ex parte Finance America Corp.,
 
 507 So.2d 458, 460 (Ala.1987).
 

 Analysis
 

 Rule 20(a), Ala. R. Civ. P., provides, in pertinent part:
 

 “All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.”
 

 This Court recently addressed a similar issue, saying:
 

 “Rule 20(a) authorizes joinder of all persons ‘in one action as defendants if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences
 
 and
 
 if any question of law or fact common to all defendants -will arise in the action.’ (Emphasis added.) Proper joinder requires satisfaction of
 
 both
 
 prongs of Rule 20(a).
 
 Ex parte Novartis Pharms. Corp.,
 
 975 So.2d 297 (Ala.2007).
 

 “ ‘This Court has previously stated that “there is no absolute rule for determining what constitutes ‘a series of transactions or occurrences’ under Rule 20. Generally, that is determined on a
 
 case by case basis
 
 and is left to the
 
 discretion of the trial judge.”
 
 ’
 
 Novartis,
 
 975 So.2d at 300 (quoting
 
 Ex parte Rudolph,
 
 515 So.2d 704, 706 (Ala.1987) (emphasis added)). See also 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane,
 
 Federal Practice and Procedure
 
 § 1652, at 396 (3d ed.2001).”
 

 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1057-58 (Ala.2008).
 

 Day presents two cases in support of his position that the claims against AHLIC and the claim against Garth arise from one series of occurrences and that a common question of law will arise in the action. Day first cites
 
 Ex parte Jenkins,
 
 510 So.2d 232 (Ala.1987), in support of his position that his claims against both Garth and AHLIC arise from the same series of occurrences. In
 
 Jenkins,
 
 this Court denied a petition for a writ of mandamus that would have directed the trial court to vacate its joinder of medical-malpractice claims against doctors who had treated the plaintiff after his workplace injury. We said:
 

 “The claims asserted by Gaston arose out of the same series of occurrences that began with his injury at his place of
 
 *480
 
 employment and continued with his resulting hospitalization and treatment for
 
 that original injury.
 
 The action filed by Gaston presents factual questions common to all defendants with regard to damages and proximate cause. Thus, under the provisions of Rule 20(a), [Ala.] R. Civ. P., the plaintiffs may join the defendants in one action.”
 

 510 So.2d at 234 (emphasis added).
 

 In
 
 Jenkins,
 
 the plaintiff suffered physical injuries in his workplace accident, and those injuries were allegedly exacerbated by the actions of the medical personnel who treated him for those injuries.
 
 Jenkins
 
 is clearly distinguishable from this case, in that AHLIC’s alleged breach of contract or bad-faith failure to pay or to investigate had no effect on Day’s injuries, the basis for permissible joinder in
 
 Jenkins.
 

 Day next cites
 
 Guthrie v. Bio-Medical Laboratories, Inc.,
 
 442 So.2d 92 (Ala.1983), in support of his position that the “issue of damages common to all defendants [will make] the joinder proper even if the claims involved different theories of liability.” Day’s brief, at 8. In
 
 Guthrie,
 
 the plaintiff sued jointly a laboratory and group of physicians who had treated the plaintiff during her pregnancy, alleging that they had failed to prevent an Rh incompatibility between her and her child that resulted in brain damage to the child. The trial court severed the actions, but this Court held the joinder of the defendants proper:
 

 “In the case at bar, the plaintiffs were clearly entitled to join the defendants in one action. (1) The complaint alleged that each defendant was negligent and that as a proximate result Andrea suffered brain damage. (2) The claims all arose out of the same series of occurrences,
 
 to-wit,
 
 Andrea’s conception, gestation, and birth. (3)
 
 There was but a single, indivisible injury to Andrea, which was allegedly caused by the negligence of one or more of the defendants. Therefore, there is a factual issue common to all defendants, the issue of damages.
 

 “[Ala. R. Civ. P.] 20 was intended to abolish the technical objections to join-der previously existing, in order to prevent a multiplicity of actions and allow all parties interested in a controversy to proceed in one action.
 
 See
 
 Committee Comments to Rule 20. Forcing the plaintiffs to pursue two actions for Andrea’s injuries would create a risk of incurring inconsistent judgments. Requiring all the parties to proceed in a single action will promote consistency of results as well as judicial economy.
 

 “Although factually accurate, the defendants’ argument that Bio-Medical’s alleged mistyping had no effect on the care and treatment provided by Doctors Birdsong, Ray, and O’Rear is unpersuasive. Nothing in the rules of civil procedure requires the allegedly negligent acts of all the defendants to be so intertwined. It is not essential to allege that the defendants jointly committed a single tort in order for the plaintiff(s) to properly join them in one action.
 
 It is sufficient to allege that successive torts concurred in producing the same indivisible injury. Brown v. Murdy,
 
 78 S.D. 367, 102 N.W.2d 664, 667 (1960);
 
 Shawd v. Donohoe,
 
 97 Ohio App. 252, 125 N.E.2d 368, 369 (1954).”
 

 442 So.2d at 96 (emphasis added). Thus, for joinder to be proper, the facts underlying claims against disparate defendants must demonstrate “successive torts that concurred in producing the same indivisible injury.”
 

 Here, there is little, if any, commonality between the claim against Garth and those
 
 *481
 
 against AHLIC.
 
 [4]
 
 The claims against AHLIC assert claims sounding in contract, while the claim against Garth sounds in tort. The genesis of Day’s claim against Garth is Garth’s tortious assault and battery on Day, while the genesis of the claims against AHLIC is Day’s purchase of the accident-plan insurance policy from AHLIC. The actionable occurrence constituting the claim against Garth is the assault and battery, while the actionable occurrences constituting the claims against AHLIC were its alleged bad-faith refusal to investigate and to pay Day’s claim in violation of the terms of the insurance contract. Unlike the child in
 
 Guthrie,
 
 who suffered brain damage as the result of the negligence of multiple defendants, Day suffered an assault and battery at the hands of Garth and an alleged breach of contract at the hands of AHLIC.
 

 The holdings in
 
 Jenkins
 
 and
 
 Guthrie
 
 that found joinder to be proper were based on the contribution of more than one defendant to “the same indivisible injury.” 442 So.2d at 96. We hold, therefore, that the joinder in this case was improper because Day suffered no indivisible injury to which both defendants contributed.
 

 Conclusion
 

 Because the claims asserted against AHLIC and the claim asserted against Garth do not meet the criteria for joinder set forth in Rule 20(a), Ala. R. Civ. P., the trial court erred in denying AHLIC’s motion to sever the claims. Because AHLIC has demonstrated a clear legal right to the relief sought, we issue the writ and direct the Bullock Circuit Court to vacate its order denying the motion to sever the claims and to enter an order severing the claims and the parties pursuant to Rule 21, Ala. R. Civ. P.
 

 PETITION GRANTED; WRIT ISSUED.
 

 STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.
 

 COBB, C.J., and LYONS, WOODALL, and SHAW, JJ., dissent.
 

 [1]
 

 . The $2,000 benefit paid in the event of a dislocation or fracture was subject to a factor of 15% if the fracture was to the bones of the face or nose, so that here AHLIC multiplied $2,000 by 0.15 to yield a payment of $300.
 

 [2]
 

 . Rule 20, Ala.R. Civ. P., provides, in part:
 

 "(a) Permissive Joinder.... All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action....
 

 "(b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.”
 

 [3]
 

 .Rule 21, "Misjoinder and Nonmisjoinder of Parties,” provides:
 

 "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
 

 [4]
 

 . Some of the claims Day asserted against AHLIC in his complaint were based on its alleged failure to pay hospital benefits for his son, a claim unrelated to the assault by Garth. He “concede[d] that his claims against [AHL-IC] based upon failure to pay for hospital benefits for his son on the same policy do not relate to claims against [Garth].” Day’s brief, at 5 n. 1. AHLIC makes no argument to this Court about Day’s claims relative to his son.