(104 So. 653)

## O'QUINN v. ALSTON.  (6 Div. 297.)

(Supreme Court of Alabama.   April 9, 1925. Rehearing Denied June 18, 1925.)

1. Appeal and error ☞1027—Plaintiff, appealing because of insufficient award of damages, can only complain of such rulings as may have prejudicially affected assessment of damages.

Plaintiff, who appeals because of an insufficient award of damages, can complain on appeal only of such rulings of trial court as may have prejudicially affected assessment of damages.

2. Damages ☞34—Evidence that plaintiff's injury had not been skillfully treated by his surgeon held not admissible, either in defense or as matter of mitigation.

In action for injuries, evidence that plaintiff's injury had not been skillfully treated by his surgeon was inadmissible, either in defense, or as matter of mitigation, where it did not tend to show that he had failed to exercise reasonable diligence in selection of his surgeon, or that he had been negligent in caring for his wound, or intervention of any independent cause other than alleged unskillful treatment.

3. Damages ☞34—Party causing original injury responsible for resulting damages, though injury aggravated by negligence of medical help.

Where one is injured by negligence or wrongful act of another, and uses ordinary care in endeavoring to be healed, and in selection of medical and surgical help, but his injury is aggravated by negligence or unskillfulness of the latter, party causing original injury will be responsible for resulting damage to its full extent.

4. Damages ☞166(1)—Competent for defendant to show that plaintiff's physical condition had not been impaired to extent claimed.

In suit for injuries it was competent for defendant to show that plaintiff's physical condition had not been impaired to extent claimed.

5. Master and servant ☞289(37) — Superintendent's negligence in continuing operation of elevator and in taking passage thereon held for jury.

If employer directed superintendent to continue operation of elevator, after he suggested discontinuance of use until defect, the nature of which he was unable to determine, had been remedied, it was then a question of fact for jury whether superintendent was negligent in continuing its operation, and in taking passage thereon at time of accident.

On Rehearing.

6. Damages ☞158(6)—Allegation held not to raise question whether amputation of part of hand was necessary.

In action for injuries allegation that it became necessary, as a result of injury, to amputate a part of plaintiff's hand, *held* not to raise issue of whether amputation was necessary, from surgical standpoint, so as to admit evidence that better treatment of hand would have saved it.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Action for damages for personal injuries by S. A. O'Quinn against James F. Alston. From a judgment in his favor, plaintiff, being dissatisfied with the amount, appeals. Reversed and remanded.

Jones, Jones & Van de Graaff, of Tuscaloosa, for appellant.

Where one is injured by the negligent or wrongful act of another, and uses ordinary care in endeavoring to have his injuries healed, employing surgeon, etc., if the injury is increased by the unskillfulness of the surgeon, the party causing the original injury will be responsible for all injuries ultimately sustained. Sauter v. N. Y. C., 66 N. Y. 50, 23 Am. Rep. 18; Pullman Co. v. Bluhm, 109 Ill. 20, 50 Am. Rep. 601; Loeser v. Humphrey, 41 Ohio St. 378, 52 Am. Rep. 86; Collins v. Council Bluffs, 32 Iowa, 324, 7 Am. Rep. 200; Rice v. Des Moines, 40 Iowa, 638; T. H. & I. R. Co. v. Buck, 96 Ind. 346, 49 Am. Rep. 168; Foels v. Tonawanda, 59 Hun,

567, 14 N. Y. S. 46; Hope v. Troy & L. Co., 40 Hun, 438; Caven v. Troy, 15 App. Div. 163, 44 N. Y. S. 244; Rettig v. Fifth Ave. Tr. Co., 6 Misc. Rep. 328, 26 N. Y. S. 896; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Lyons v. Erie R. Co., 57 N. Y. 489; Lawrence v. Housatonic R. Co., 29 Conn. 390; Stover v. Bluehill, 51 Me. 439; Sanderson v. Holland, 39 Mo. App. 233; Beauchamp v. Saginaw Min. Co., 50 Mich. 163, 15 N. W. 65, 45 Am. Rep. 30; 16 Am. & Eng. Ency. Law (1st Ed.) 440; Postal T. & C. Co. v. Hulsey, 132 Ala. 444, 31 So. 527; Montgomery & Eufaula R. Co. v. Mallette, 92 Ala. 209, 9 So. 363; L. & N. v. Jones, 83 Ala. 376, 3 So. 902; Bowles v. State, 58 Ala. 335; Parsons v. State, 21 Ala. 300.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

Defendant was entitled to the affirmative charge. Coosa Mfg. Co. v. Williams, 133 Ala. 606, 32 So. 232; 9 R. C. L. 1259; Womble v. Merchants' Gro. Co., 135 N. C. 474, 47 S. E. 493. It was permissible to introduce the opinions of competent experts as to whether or not the injury was such as to require amputation. Coons v. Pritchard, 69 Fla. 362, 68 So. 225, L. R. A. 1915F, 558; Schlitz Brewg. Co. v. Duncan, 6 Kan. App. 178, 51 P. 310. The appellant having alleged in his complaint the necessity for amputation, and having introduced evidence upon the issue, it was competent for appellee to introduce the same character of evidence in rebuttal. Lockridge v. Brown, 184 Ala. 106, 63 So. 524; McIntyre v. White, 124 Ala. 177, 26 So. 937; Railroad Co. v. Ladd, 92 Ala. 289, 9 So. 169; Winslow v. State, 92 Ala. 81, 9 So. 728; Morgan v. State, 88 Ala. 223, 6 So. 761; Harrison's Ex'rs v. Cordle, 22 Ala. 457; Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442.

SAYRE, J. [1] Appellant recovered damages for personal injuries caused by the fall of an elevator in an office building, owned and operated by appellee, but, being dissatisfied with the jury's assessment, prosecutes this appeal. There hardly need be a citation of authority for the proposition that appellant may be heard on this appeal to complain only of such rulings of the trial court as may have prejudicially affected the assessment of damages.

Appellant proved his injuries, and the manner and extent of their original infliction were not disputed. But the first twenty-four assignments of error are directed against rulings of the trial court which allowed certain questions propounded by appellee to his witnesses, physicians and surgeons, who attended appellant for a time after his injuries were received, the plain purpose of which was to show that appellant's injuries had been aggravated by the unskillful treatment of another surgeon, who at a later date took charge of the case on appellant's invitation. Perhaps it will contribute something to an understanding of the question presented for decision to say that appellant's chief injury consisted of a fracture, about midway its length, of the metacarpal bone of the little finger of his right hand. The fall had not only broken the bone, but had caused the outer fragment of the bone to become jammed or wedged in between the inner fragment, nearest the wrist, and the metacarpal of the third finger. Appellee's surgeons had undertaken to correct this displacement, but their treatment had not procured the desired result. Appellant's surgeon—by which we mean the surgeon afterwards called in by appellant—had amputated the little finger and cut away the outside edge of appellant's hand back to the inner metacarpal fragment. The following questions propounded by appellee to his medical witnesses will fairly illustrate the rulings in question: "State to the jury whether or not, in your professional opinion, the bone would, if let alone and in course of time, have knitted and left Mr. O'Quinn with the free use of that hand?" and "State, Doctor, whether or not, in your professional opinion, there was any occasion or necessity for severing the bone you have described in order to have properly treated Mr. O'Quinn's injury?" The answers to these and other questions of like intent and character tended to support appellee's theory that appellant's injury had not been skillfully treated by his surgeon—that a part of appellant's hand had been needlessly amputated, and thereby his injury needlessly and negligently aggravated.

[2, 3] These questions were erroneously allowed. The information sought and obtained by them was not admissible, either in defense, or as matter of mitigation. They did not tend to show that appellant had failed to exercise reasonable diligence in the selection of his surgeon, or that he had been negligent in caring for his own wound, or the intervention of any independent cause other than the alleged unskillful treatment by appellant's surgeon. Nor was any evidence offered during the trial tending to establish any of these things. So then the only possible theory on which these questions were allowed was that appellee was not answerable for the full measure of appellant's injury and consequent suffering, if these had been aggravated by the unskillful treatment of his surgeon. This, as we have said, was error. In the circumstances stated, appellee's negligence—which we assume on this appeal for the reason only that the jury so found—was the proximate cause of appellant's injury to its full extent, and should have been so treated by the trial judge in his rulings just here under consideration, for, where one is injured by the negligent or wrongful act of another, and uses ordinary

care in endeavoring to be healed, and in the selection of medical and surgical help, but his injury is aggravated by the negligence or unskillfulness of the latter, the party causing the original injury will be responsible for the resulting damage to its full extent. Sauter v. New York Central, 66 N. Y. 50, 23 Am. Rep. 18; Pullman Palace Car Co. v. Bluhm, 109 Ill. 20, 50 Am. Rep. 601; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Stover v. Inhabitants of Bluehill, 51 Me. 439; Loeser v. Humphrey, 41 Ohio St. 378, 52 Am. Rep. 86; Collins v. Council Bluffs, 32 Iowa, 324, 7 Am. Rep. 200; Chicago, etc., R. R. Co. v. Spilker, 134 Ind. 394, 33 N. E. 280, 34 N. E. 218; Elliott v. Kansas City, 174 Mo. 566, 74 S. W. 617; Selleck v. Janesville, 100 Wis. 157, 75 N. W. 975, 41 L. R. A. 563, 69 Am. St. Rep. 906; Tuttle v. Farmington, 58 N. H. 13; McGarrahan v. New York, etc., R. R. Co., 171 Mass. 211, 50 N. E. 610; Reed v. Detroit, 108 Mich. 224, 65 N. W. 967.

It will be observed that we make no effort to lay down a rule by which to determine in every case for what consequences of an injury the wrongdoer causing it should be held responsible. That would be difficult, if not impossible. In the case presented by the record, the principle stated above is supported by a very general consensus of opinion. We have in this court no case precisely in point, but Armstrong v. Montgomery Street Railroad, 123 Ala. 233, 26 So. 349, and Postal Telegraph Co. v. Hulsey, 132 Ala. 462, 31 So. 527, look persuasively to the same conclusion. Briefly stated, with reference to the facts of this case, the authorities cited above show the reasons for the rule to be that the employment of a surgeon is to be regarded as a natural consequence of appellee's wrong, because the necessity for such employment was imposed on appellant by appellee's fault —which, as we have stated, we assume in this case because the verdict has so found— and because appellant, an unprofessional person, did all he could do, or at least in the conditions obtaining what he had a right to do, when he employed a surgeon to treat and heal his injury, and the surgeon's mistake, if mistake there was, cannot be regarded as negligence on the part of appellant, or as an independent intervening cause.

[4] Appellee does not explicitly deny the principle stated; he seeks to avoid its application to the case in hand. With respect to one suggestion shown by the brief it will suffice to say that it was competent, of course, for the defendant to show that the plaintiff's physical condition had not been impaired to the extent claimed, but that was not the purpose or effect of the testimony in question. As we have heretofore indicated, the sole assignable purpose or effect was to show that appellant's injuries had been aggravated by the unskillful treatment of his surgeon. Appellee quotes as follows from Pullman Palace Car Co. v. Bluhm, supra:

"Whether this particular ailment [in that case a false joint] was, or was not, the result of the breaking of the arm as a proximate cause, or the result of a new, independent factor, for which appellant [defendant in that case] was not responsible, could not be determined by the court as a question of law. It could be properly tested only by hearing the evidence and submitting the questions of fact to a jury, under appropriate instruction."

That case, so far as concerns the issues of fact involved, is obscurely reported; but the further language of the opinion, and the conclusion attained in the case very clearly disclose the court's judgment that unskillful surgery, without negligence on the part of plaintiff, or the intervention of some independent cause with which the defendant had no connection—an assault and battery by a stranger is instanced—would not serve to abate the damage suffered by reason of the false joint.

True, there was evidence that appellant requested his surgeon to "take the finger off," but, on the testimony of appellant and his surgeon, there is no reason to doubt that his surgeon amputated appellant's finger and a part of his hand because, in his judgment, there was no other way of relieving the pain which up to that time appellant constantly suffered. The surgeon may have blundered; but no reason appears why appellant should be held responsible. The evidence to which appellee refers in this connection raised no issue as to negligence on the part of appellant.

Other exceptions reserved relate to appellant's right to recover rather than to the measure of damages, and, for the reason stated at the outset, need not be considered.

[5] Appellee insists that he was entitled to the general charge which he requested, and that the rulings in question, if error, were error without injury—this on the theory that appellant, as superintendent employed by appellee, was in unrestricted charge and control of the building and the elevator which fell, knew of its defective condition, and assumed the risk, or rather was wholly responsible for the accident which caused his injury. There was quite a volume of evidence having a tendency to sustain this view of the case, but there was a conflict. Appellant's evidence went to show that his superintendence was subordinate to the appellee's oversight, and that, while he knew the elevator was out of repair and needed attention, he, with his limited knowledge of such things, was unable, after diligent effort, to ascertain the nature of the defect, and had submitted to appellee whether in the circumstances the elevator should not be closed to business until an expert mechanic or electrician could be brought to look it over and suggest a remedy, but that appellee had thereupon directed him to continue its operation. If this last-stated version of the facts were accepted by the jury, it was then a question of fact

whether appellant was negligent in continuing the operation (by a hired man or boy, as usual) of the elevator, and in taking passage on it in the discharge of his duty to appellee at the time of the accident. Ala. Steel & Wire Co. v. Tallant, 165 Ala. 532, 51 So. 835.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Rehearing.

PER CURIAM. [6] On rehearing it is urged that there was no error in admitting defendant's evidence which, as we have said, tended in effect to impeach the professional skill of the surgeon who amputated a part of plaintiff's hand by showing that such amputation was unnecessary, and therefore should not be charged to defendant—this, for the reason, it is said, that plaintiff made the issue when he alleged that his fall so injured one of his hands "that it was necessary to amputate, and there was amputated, one of plaintiff's fingers and other portions of his right hand," etc., and when his surgeon testified that he found it necessary to perform an operation on his hand.

The court is not of opinion that this issue was made in the sense contended for by defendant, appellee. The allegation that it became necessary as a result of the injury to amputate a part of plaintiff's hand was no part of the description of his cause of action, but only of a part of the damage suffered. The necessity intended was not an absolute necessity, as viewed from the surgical standpoint, but the practical necessity apparent to a layman, acting in good faith under apparently competent medical advice, and therefore, in a legal sense, the proximate consequence of his injury. This was the issue made by the complaint, and, so far as appears, not widened by any effort of plaintiff in the examination of his witness. The evidence introduced by defendant with the effect—and, we must assume, with the purpose—of impeaching the professional skill of appellee's surgeon, by showing that the amputation of a part of plaintiff's hand was unnecessary, that is, that better treatment would have saved the hand, was, according to the authorities cited in our original opinion, inadmissible unless accompanied by evidence going to show that plaintiff was negligent in the selection of his surgeon. There was no evidence of negligence on the part of plaintiff in the selection of his surgeon or in caring for himself, no evidence of an independent intervening cause to aggravate his injuries, and the admission of the evidence, going to show lack of competence or skill in the treatment of his injuries on the part of his medical attendant, was reversible error.

Application overruled.

All the Justices concur.