Plaintiff Otis Williams appeals from a summary judgment in favor of defendant Dr. David Woodman in a medical malpractice claim.
On May 14, 1977, Otis Williams, a thirteen-year-old boy, was riding a motorcycle which collided with an automobile driven by an uninsured motorist, Herbert Morgan. As a result of the accident, Otis suffered a fracture of the right femur. Otis, through his father, George Williams, filed suit against Nationwide Mutual Insurance Company, Williams's insurer, seeking recovery under the uninsured motorist provision of the policy. The defendant, Nationwide, in turn, filed a third-party complaint against Herbert Morgan, the uninsured motorist upon whose conduct Nationwide's liability was based. The jury rendered a verdict in favor of Otis and against Nationwide on October 3, 1978, in the amount of $10,000. The jury returned a verdict for Nationwide and against Morgan in the amount of $10,000 at this same time. Nationwide paid $10,000 into the court, and plaintiffs withdrew it. Thus, the judgment was satisfied. Butler v. GAB Business Services, 416 So.2d 984 (Ala. 1982).
Otis subsequently filed the present suit against Woodman, an orthopedic surgeon, on November 5, 1980; the complaint alleged negligence in the treatment of the leg injury sustained in the automobile accident made the basis of the first suit. Otis contends that, as a result of Dr. Woodman's negligence in treating his fractured leg, he was forced to undergo surgery on his right leg in an attempt to lengthen it and surgery on his left leg to arrest further growth of that leg.
Dr. Woodman denied liability and filed a motion for summary judgment, based on the record of the suit against Nationwide and the following stipulation of facts:
 "ITEM ONE: We stipulate that the plaintiff was involved in a motor vehicle accident on May 14, 1977 and received, in said motor vehicle accident, an injury to his right leg.
 "ITEM TWO: That on September 21, 1977 the plaintiff, acting by and through his father and next friend, George Williams, commenced an action in the United States District Court for the Northern District of Alabama, Southern Division, against Nationwide Mutual Insurance Company, a corporation, claiming that Nationwide Mutual Insurance Company was indebted to him on a policy of insurance. A copy of the plaintiff's complaint filed in the United States District Court is attached hereto as Exhibit A to this stipulation and is incorporated in this stipulation by reference. *Page 613 
 "ITEM THREE: The suit filed against Nationwide in the United States District Court claimed damages for injury by the plaintiff in the automobile accident which occurred on May 14, 1977.
 "ITEM FOUR: That on October 3, 1978 a jury verdict was rendered in favor of the plaintiff and against the defendant, Nationwide Mutual Insurance Company in the sum of $10,000.00 plus interest which judgment was paid but not marked satisfied on the court records.
 "ITEM FIVE: That the plaintiff, acting by and through his father and next friend, commenced this action on November 5, 1980 against Dr. David Woodman claiming that Dr. Woodman was negligent in his treatment of the plaintiff for the injury received in the automobile accident made the basis of the prior action against Nationwide. Dr. Woodman was charged with negligence in the treating of the plaintiff's injury to his leg sustained in the accident of May 14, 1977."
The trial court granted Dr. Woodman's motion for summary judgment, holding that "[t]he damages complained of here against Woodman were included in the damages recovered in that case." This appeal followed.
The following rules of law are well settled and unchallenged:
Where one is guilty of negligence and this negligence concurs or coalesces with the negligence of another, and the two combine to produce an injury, each is liable for the damages, and the negligence of each is considered the proximate cause of the injury producing the damages. Aplin v. Dean, 231 Ala. 320,164 So. 737 (1935).
Also, as stated in Watt v. Combs, 244 Ala. 31, 12 So.2d 189
(1943):
 "The general rule is that it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons contributed to cause the injury to the plaintiff if the negligence of the defendant was an efficient cause, without which the injury would not have occurred. Stated differently, where a defendant is guilty of negligence which causes an injury, and the plaintiff is free from negligence contributing thereto, the fact that the negligence of a third person also contributed does not relieve the defendant from liability for his negligence."
244 Ala. at 37, 12 So.2d 189.
Holding that the original tortfeasor may be held liable for the aggravation of the injury caused by a physician's negligence is but a natural extension of that rule and is the product of the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others. See 74 Am.Jur.2d Torts, § 64 (1974).
Alabama follows this rule and held in O'Quinn v. Alston,213 Ala. 346, 104 So. 653 (1925):
 "[W]here one is injured by the negligent or wrongful act of another, and uses ordinary care in endeavoring to be healed, and in the selection of medical and surgical help, but his injury is aggravated by the negligence or unskillfulness of the latter, the party causing the original injury will be responsible for the resulting damages to its full extent."
Likewise, in Nall v. Alabama Utilities Co., 224 Ala. 33,138 So. 411 (1931), O'Quinn was followed, and the original tortfeasor was held responsible for the injuries caused by the negligence of the physician treating the injury. The Court said: "[S]uch malpractice cannot stand as an efficient intervening cause, and the person responsible for the injury through negligence will be held liable for the aggravated injury and damage, as well as that originally resulting."224 Ala. at 34, 12 So.2d 189.
It is equally well settled and without contradiction that: "The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor." Restatement of Judgments § 95 (1942). See also Restatement (Second) of Torts § 886 (1979). *Page 614 
This rule has been applied where the original tortfeasor satisfies a judgment that includes damages for aggravation of the injury because of the negligence of an independent tortfeasor. Comment (c), Restatement of Judgments § 95 (1942).
Where a judgment against a defendant liable for the entire harm is satisfied, that extinguishes the obligation of another wrongdoer, and "the fact that the plaintiff recovered only part of the damages to which he was entitled is immaterial." 2 Freeman on Judgments § 578, p. 1225.
Do these rules bar an action for negligence on the part of the physician under the facts in this case? That is to say, is satisfaction of the judgment in the first case a bar to this action against the physician treating the injury?
Dr. Woodman asserts that, under these rules, the action against him is barred. He is correct that the rule prevailing in the majority of states is that the release of one tortfeasor (or satisfaction of judgment against one tortfeasor) discharges others who have caused or contributed to the same injury, whether the tortfeasors be joint, concurrent, or successive. See annotation "Release of One Responsible for Injury as Affecting Liability of Physician or Surgeon for Negligent Treatment of Injury," 39 A.L.R.3d 260 (1971).
The cited annotation deals with cases involving the effect of a general release of the original tortfeasor. However, the legal effect of a judgment is not dissimilar. Either bars a subsequent claim against the physician.
The rule is based upon the common-law concept of unity of discharge and has been the subject of much criticism by the commentators. Prosser, Torts § 46 (2d ed. 1955); 1 Harper and James, Torts § 10.1 (1956); 2 Williston, Contracts § 338A (3d ed. 1957); 4 Corbin, Contracts § 931 (1951); Wigman, "Release to One Joint Tortfeasor," 17 Ill.L.Rev. 563 (1923).
As a consequence, perhaps, of this criticism, a "sizeable" number of courts now support a rule that a release of a judgment against the one responsible for the injury does not necessarily, and as a matter of law, preclude an action against the negligently treating physician. 39 A.L.R.3d, supra, citingAsh v. Mortensen, 24 Cal.2d 654, 150 P.2d 876 (1944); Derby v.Prewitt, 12 N.Y.2d 100, 236 N.Y.S.2d 953, 187 N.E.2d 556
(1962); Selby v. Kuhns, 345 Mass. 600, 188 N.E.2d 861 (1963);Knutsen v. Brown, 96 N.J. Super. 229, 232 A.2d 833 (1967); Dailyv. Somberg, 28 N.J. 372, 146 A.2d 676 (1958); Couillard v.Charles T. Miller Hospital, Inc., 253 Minn. 418, 92 N.W.2d 96
(1958); McKenna v. Austin, 134 F.2d 659 (D.C. Cir. 1943); Vacev. Whitaker, 86 N.M. 79, 519 P.2d 315 (1974).
Although these cases reject the traditional rule, they do so for different reasons. In one, Derby v. Prewitt, the Court of Appeals of New York said the traditional rule was based upon two grounds: The first, that the injury resulting from the joint action of the wrongdoers is a single injury and constitutes the basis for a single cause of action; and, second, the law presumes that release of one tortfeasor constitutes full satisfaction of the entire claim and any additional claim would amount to double recovery for the same injury. The court went on to hold that the injury inflicted on the plaintiff by the taxidriver in the accident and the subsequent negligence of the physician were two separate and distinct causes of action.
The Supreme Court of New Jersey reached a similar result inDaily v. Somberg, supra, holding that the two defendants were independent tortfeasors and that a fact question was presented as to whether the plaintiff had been fully compensated by the amount recovered from the original tortfeasor.
While these cases are persuasive and may find favor with this Court in the proper case, we do not find error in the record before us.
Dr. Woodman argues correctly that the law does not and should not permit double recovery for a single injury. He is also correct that, under our law, an injured party has the right to recover from the *Page 615 
original wrongdoer all of his injuries and damages, including maltreatment and subsequent injuries. It is also true, as he asserts, that a settlement and release of judgment against the original tortfeasor is presumed in law to have compensated the injured party for subsequent malpractice of the treating physician. We are not prepared to agree with him that the presumption is conclusive.
If the plaintiff in this case had shown that the negligence of the physician had produced a new and independent injury subsequent to the entry of judgment in the federal court, for which the plaintiff could not have claimed damages in that action, it would be difficult to see how that subsequently accruing cause of action could be barred by the prior action. Stated differently, if the plaintiff had shown that no claim for the physician's negligence could have been asserted in that action because it occurred subsequent to the entry of judgmentor the plaintiff neither knew nor could have discovered the alleged wrondoing of the physician prior to taking the judgment (or executing a release) in the prior action, the judgment should not be a bar to a subsequent claim against the physician for an act of negligence occurring after entry of the judgment.
That is not the case before us. The complaint alleges only that the plaintiff was injured in a motor vehicle collision on May 14, 1977; the defendant was engaged in the practice of orthopedic surgery and "on said date" treated the plaintiff and negligently treated the plaintiff, etc. No allegation of negligence occurring after the federal case was disposed of was made. Additionally, no objection was made to the express finding by the trial court that "[t]he damages complained of here are included in the damages recovered in that case."
The appellant has not demonstrated wherein the trial court erred in reaching that conclusion, and the record does not reveal any refutation of the claim of the physician that the plaintiff fully recovered all of his damages in the prior case. While we can doubt how that could be so, we cannot reverse a trial court without a showing of error.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, EMBRY, BEATTY and ADAMS, JJ., concur.