459 So.2d 861 (1984)
CHAMBERS COUNTY COMMISSIONERS
v.
Jon Tracy WALKER, et al.
83-508.
Supreme Court of Alabama.
September 28, 1984.
As Modified on Denial of Rehearing October 26, 1984.
*863 Robert M. Girardeau of Huie, Fernambucq & Stewart, Birmingham, for appellant.
W.F. Horsley of Samford, Denson, Horsley, Pettey, Martin & Barrett, Opelika, for appellees.
BEATTY, Justice.
Defendants-intervenors, the Chambers County Commissioners (Commissioners), appeal from the grant of plaintiffs' motion for relief from judgment and the court's dismissal of the first lawsuit arising out of an automobile accident. We reverse and remand.
On February 2, 1979, automobiles driven by Jon Tracy Walker and Steve Lamar Green were involved in a collision around 10:00 p.m. on Chambers County Road 87, near Fairfax, Alabama. Jon Tracy Walker suffered severe injuries in the accident. Both drivers were minors at the time.
On February 4, 1980, Jon Tracy Walker, suing through his parents, Johnny M. and Barbara L. Walker, and joined by his parents suing individually, brought an action against defendants Steve Lamar Green and his father, William T. Green. In their complaint, plaintiffs alleged negligent and wanton conduct on the part of Steve Lamar Green; however, they did not state a cause of action against William T. Green, although plaintiffs alleged he was the "owner of the vehicle operated by Steve Lamar Green" and demanded "judgment against the Defendants."
Several events and transactions concerning this first lawsuit occurred on March 28, 1980: plaintiffs' counsel was appointed guardian ad litem for Jon Tracy Walker; a settlement agreement was reached between the parties; and a release in full was executed. After a pro ami hearing, a judgment based on the settlement agreement was also entered on March 28 in favor of the plaintiffs in the amount of $17,331. The record indicates that this amount was paid into court on March 28, 1980, and disbursed on April 16, 1980, in two separate checks: one paid to Johnny Walker and Barbara Lynn Walker in the amount of $7,331, and one paid to Barbara Lynn Walker in the amount of $10,000.
In a second action filed December 18, 1981, against the Commissioners, plaintiffs alleged negligence and wantonness in the county's construction, operation, and maintenance of the intersection near where the automobile accident sub judice occurred. The Commissioners moved for summary judgment in this second action, citing as grounds satisfaction of the prior judgment and the release in full executed by plaintiffs.
Later, on March 28, 1983, pursuant to Rules 54(b) and 60(b)(6), A.R.Civ.P., plaintiffs filed a motion for relief from or revision of the judgment entered in the first action exactly three years earlier on March 28, 1980. Thereafter, on May 11, 1983, the trial court permitted the Commissioners to intervene in the plaintiffs' motion, and, on June 20, 1983, consolidated the first action and the second action for all pre-trial proceedings only.
Following a hearing on September 26, 1983, during which evidence and arguments were presented on both the Commissioners' motion for summary judgment in the second action and plaintiffs' motion for relief from or revision of the judgment in the first action, the trial court granted plaintiffs' motion by the following order entered January 24, 1984:
"ORDER GRANTING RELIEF FROM JUDGMENT AND DISMISSING CASE
"On March 28, 1983, plaintiffs filed their Motion for Relief from Judgment. On September 26, 1983, the Court heard the evidence and oral arguments of the attorneys. The Court has considered the evidence, arguments of the attorneys, *864 and the Briefs filed by the attorneys. The Court is of the opinion, and so finds, that the plaintiffs are entitled to relief from the Judgment entered in this case on March 28, 1980.
"It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:
"1. The Judgment entered in this case on March 28, 1980, is hereby vacated, set aside, and annulled;
"2. The purported satisfaction of the Judgment of March 28, 1980, is hereby vacated, set aside, and annulled;
"3. This case is hereby dismissed without prejudice."
From this, we may assume that the trial court also entered an order denying the Commissioners' summary judgment motion, although an order to that effect is not contained in the record on appeal. Nevertheless, it is from the grant of plaintiffs' motion that the Commissioners appeal.[1]
The first argument advanced by the Commissioners is that the trial court granted to the plaintiffs Rule 60(b)(6) relief, and, in so doing, abused its discretion, because the grounds set forth by plaintiffs fall not under Rule 60(b)(6) but under Rule 60(b)(1), which carries with it a four-month time limitation. Rule 60(b), in pertinent part, is set forth below:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken...."
In their motion for relief under Rule 60(b)(6), plaintiffs alleged the following grounds:
"2. Plaintiff's attorney ... informed Plaintiff that judgment in the above styled action would not prevent an action against Chambers County or the Chambers County Commission.
"3. That plaintiff, his attorney, the attorney for Defendants, and the Judge presiding over said proceedings, engaged in a discussion whereby Plaintiff was assured that he could proceed in this cause with an action against Chambers County and the Chambers County Commission arising out of the same facts as the instant action.
"4. None of the parties involved in the above styled case intended or perceived that a judgment in the same would bar an action against Chambers County or the Chambers County Commission.
"5. All Plaintiffs in the above styled action were advised and informed that a judgment in said case would not preclude an action against Chambers County and Chambers County Commission or they would not have consented to judgment in this cause.
"6. Plaintiff Jon T. Walker suffered injuries and damages that result in the accident giving rise to this suit so that to make it obvious that the sum received in this particular action to be full compensation for all injuries received by Plaintiff and Plaintiffs request leave of court to present evidence at a hearing in this cause [sic].
"7. Jon T. Walker was, at the time of the Court's order, a minor who was suffering from numerous disabilities and his right to a suit against Chambers County and Chambers County Commission were not adequately protected."
We agree with the Commissioners in their contention that the grounds set forth *865 above, under Rule 60(b), except paragraph number six, amount to a claim of mistake and/or inadvertence on the part of plaintiffs' counsel as to the effect the settlement, release, and judgment in the first action would have on any subsequent suit plaintiffs sought to maintain against the Commissioners. Therefore, if plaintiffs' right of action against the Commissioners was not "adequately protected," it was due to the mistake and/or inadvertence of plaintiffs' counsel. Indeed, plaintiffs' counsel[2] as much as admitted this in response to questions asked by counsel for the Commissioners at the September 26, 1983, hearing on the motions:
"Q. by Order of Judge Avary on March 28th you were appointed Jon Tracy Walker's guardian ad litem.
"A. O.K. Then I just didn't recall. I don't have any question about that but that was not the sole basis of my representation of him was the guardian ad litem.
"Q. But one of the factors of your representation was in the capacity as guardian ad litem?
"A. Yes, sir.
"Q. And, as guardian ad litem you looked out for the interests of the person whom you're representing?
"A. Yeah.
"Q. And that person, according to the Order, is Jon Tracy Walker.
"A. That's correct.
"Q. All right. Have you read the case of Williams vs. Woodman?
"A. I'm afraid so.
"Q. And had you been aware of that line of cases which Williams vs. Woodman is based upon, you would not have gone through with this pro ami, would you?
"A. No, sir. I would have withdrawn and immediately had additional counsel brought in."
The case of Williams v. Woodman, 424 So.2d 611 (Ala.1982), referred to in the above quote by counsel for the Commissioners, held:
"`The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor.' Restatement of Judgments § 95 (1942). See also Restatement (Second) of Torts § 886 (1979)." 424 So.2d at 613.
Furthermore, in addressing the grounds set forth in number six of plaintiffs' Rule 60(b)(6) motion, which seems to allege that plaintiffs received insufficient damages, we note that Woodman, supra, also makes it clear that the prior judgment operated as a bar to any subsequent action plaintiffs sought to maintain against the Commissioners, even if, as plaintiffs allege, "full compensation" was not received in the first action:
"Where a judgment against a defendant liable for the entire harm is satisfied, that extinguishes the obligation of another wrongdoer, and `the fact that the plaintiff recovered only part of the damages to which he was entitled is immaterial.' 2 Freeman on Judgments § 578, p. 1225." 424 So.2d at 614.
The categories for relief under Rule 60(b) are mutually exclusive, and grounds for relief under Rule 60(b)(1) cannot be valid grounds under Rule 60(b)(6), in the absence of aggravating circumstances sufficient to permit the trial court to say that the case is properly within 60(b)(6)(e.g., where a motion for relief is filed more than four months after dismissal of the case where the dismissal was the result of the mistake, inadvertence, or excusable neglect of counsel, but the delay in filing the motion for relief was due to the active misrepresentation by counsel to his client as to the status or progress of the case.) See Giles v. Giles, 404 So.2d 649 (Ala.1981); *866 Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979).
The record clearly shows that plaintiffs were able to prove grounds for relief only under Rule 60(b)(1), and failed to show any aggravating circumstances elevating the grounds of mistake or inadvertence of counsel to such grounds requiring relief under Rule 60(b)(6). "Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice." Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (1983), citing Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala.1982). Nor can Rule 60(b)(6) be used "for the purpose of relieving a party from the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest." See 11 C. Wright & A. Miller, Federal Practice & Procedure, § 2864 at 214-215 (1973).
Moreover, the trial court in the prior action complied with the mandate of Abernathy v. Colbert County Hospital, 388 So.2d 1207 (Ala.1980), that courts should not, pro forma, ratify pro ami settlements. That case held that a hearing is required to determine whether a settlement is in the best interests of the child, and that "[s]uch a hearing requires [an] ... extensive examination of the facts." 388 So.2d at 1209. The judgment in the initial action reflects the proper handling of a pro ami hearing, settlement, and judgment:
"JUDGMENT
"This day in open Court came the Plaintiffs by and through their attorney of record and the Defendants by and through their attorney of record and by consent of the Plaintiffs and the Defendants made in open court on this day this case comes to be heard. The Plaintiffs by and through their attorney and the Defendants by and through their attorney have made known to the Court that they have entered into a settlement of this cause and upon the oral testimony heard by the Court of the Plaintiff, JON TRACY WALKER, his mother, his father and Defendant, the Court is of the opinion that settlement between the parties is fair and in the best interest of the minor Plaintiff. Therefore, the Court enters judgment in favor of the Plaintiffs, JOHNNY M. WALKER and BARBARA LYNN WALKER against the Defendant, STEVE LAMAR GREEN for the amount agreed upon between the parties, to-wit, the sum of SEVEN THOUSAND THREE HUNDRED THIRTY ONE AND NO/100($7,331.00)DOLLARS, and in favor of the Plaintiff, JON TRACY WALKER and against the Defendant, STEVE LAMAR GREEN for the sum of TEN THOUSAND AND NO/100($10,000.00)DOLLARS, the same to be paid to the Clerk of the Circuit Court of Chambers County, Alabama, and to be paid by her to the Plaintiff, JON TRACY WALKER upon his reaching his majority or to be paid by her to any legal guardian for said minor, JON TRACY WALKER, who may hereafter be appointed.
"It is Therefore, CONSIDERED, ORDERED, AND ADJUDGED by the Court that the Plaintiffs, JOHNNY M. WALKER and BARBARA LYNN WALKER have and recover of the Defendant, STEVE LAMAR GREEN the sum of SEVEN THOUSAND THREE HUNDRED THIRTY ONE AND NO/100($7,331.00)DOLLARS and the Plaintiff, JON TRACY WALKER, a minor, have and recover of the Defendant, STEVE LAMAR GREEN, the sum of TEN THOUSAND AND NO/100 ($10,000.00)DOLLARS, the amount of damages assessed by the Court together with all court costs of this proceeding for the recovery of which let execution issue."
While we recognize that the decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial court, and the standard of this Court's review is whether the trial court abused its discretion, this discretion, however, is not unbridled. Douglass v. Capital City Church of the Nazarene, supra; Giles v. Giles, supra. *867 On these facts we must conclude that the trial court abused its discretion in granting relief under Rule 60(b)(6).
Nor are we persuaded by plaintiffs' contention that the March 26, 1980, pro ami judgment was interlocutory under Rule 54(b), and therefore that this judgment was subject to revision at any time. Plaintiffs reason that because the judgment did not mention William Green, who was a named defendant, the judgment only adjudicated the liability of Steve Green, William Green's son. We disagree.
Rule 54(b) provides in pertinent part:
"[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
While it is true that neither the judgment nor the agreement of the parties, upon which the judgment was based, named William Green, the release in full does name William Green:
"RELEASE IN FULL
"For the sole and only consideration of SEVEN THOUSAND THREE HUNDRED THIRTY ONE AND NO/100 ($7,331.00)DOLLARS to us paid, receipt of which is hereby acknowledged, we hereby release and discharge STEVE LAMAR GREEN AND WILLIAM T. GREEN, their heirs, successors, and assigns, and all other persons, firms or corporations who are or might be liable, as a result of any claims of any kind or character which we have or may have against the said STEVE LAMAR GREEN and WILLIAM T. GREEN, and especially because of all damages, losses, or any claims against the said STEVE LAMAR GREEN or WILLIAM T. GREEN, or injury to persons or property, or both, whether known or unknown, developed or undeveloped, resulting or to result from an accident on or about February 2, 1979, in Chambers County, Alabama, where Chambers County Highway # 87 intersects with 64th Street.
"And we hereby acknowledge full settlement and satisfaction of all claims of whatsoever kind or character which we have or may have against STEVE LAMAR GREEN or WILLIAM T. GREEN by reason of the above mentioned damages, loss or injuries.
"It is further understood and agreed that the payment of said amount is not to be construed as an admission of liability upon the part of said person, firms or corporations, liability being by him expressly denied." (Emphasis added.)
It is apparent from the record that the omission of William Green's name from the agreement and the judgment was a mere oversight. Contrary to plaintiffs' contentions, it appears from the record that they had no intention of pursuing a claim against William Green after receiving the money from the pro ami settlement judgment:
"Q. If you did not feel the amount was adequate why didn't you go ahead and pursue further claim against the defendants in that pro ami?
"A. Because the boy driving the automobile was young, he was a minor, did not have anything.
"Q. And your understanding was that he and his family had additional assets to pay over and above the insurance?
"A. They were not the defendants and we could find no way to tie, at that point, we were not sure of any way to tie liability into the father.
"Q. Did you investigate the claim of negligent entrustment?
"A. To some degree." (Emphasis added.)
Plaintiffs took no steps whatsoever to pursue a claim against William Green during the three-year period between the time judgment on the settlement agreement was entered (March 28, 1980), and the time *868 plaintiffs sought relief from that judgment (March 28, 1983). It was only after the plaintiff learned that the pro ami settlement and judgment stood in the way of an action against the Commissioners that plaintiff decided to look for a way to avoid the judgment, e.g., lack of finality under Rule 54(b). As applied to these facts, we find the language of the Court in Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir.1973), appropriate.
"Mindful of the Supreme Court's command that practical, not technical considerations are to govern the application of principles of finality [citations omitted], we decline appellee's invitation to exalt form over substance by dismissing this appeal."
Beyond this, we note that plaintiffs, in their motion for relief, requested either Rule 60(b)(6) relief from final judgment or Rule 54(b) revision of nonfinal judgment, but, in their brief in support of their motion, plaintiffs argued more strongly in favor of a Rule 54(b) revision by pointing out that Rule 60(b)(6) relief may be "premature." Nevertheless, it is abundantly clear from the trial court's order that it granted plaintiff relief under Rule 60(b)(6). See the trial court's order quoted above. Consequently, plaintiff's argument with respect to the application of Rule 54(b) to the judgment in the prior action is not well taken on this appeal. Considering the entire record, we conclude, therefore, that the parties and the court intended that the settlement judgment adjudicate all of the claims plaintiffs had against both defendants, father and son.
For the foregoing reasons, we reverse the order of the trial court setting aside the March 28, 1980, judgment and dismissing the case, and remand the cause with instructions that the judgment be reinstated. It is so ordered.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
BEATTY, Justice.
OPINION MODIFIED TO ADD FOOTNOTE; APPLICATION OVERRULED.
JONES, SHORES, EMBRY and ADAMS, JJ., concur.
NOTES
[1] We note that the appeal by the Commissioners from the relief granted to the plaintiffs, as opposed to a petition for a writ of mandamus, is appropriate here, since the judgment granting plaintiffs' motion and dismissing the first action operated as a final disposition of that case. See Littlefield v. Cupps, 371 So.2d 51 (Ala.Civ.App. 1979); 11 C. Wright & A. Miller, Federal Practice & Procedure, § 2871, at 260 n. 95 (1973).
[2] We note that appellate counsel for Walker was not the attorney representing Walker in the trial court for purposes of the pro ami settlement.