Petitioners, Ronald and Linda Rudolph (hereinafter "petitioners"), seek a writ of mandamus directed to the Honorable Arthur E. Gamble, Jr., Circuit Judge, Lowndes County, Alabama, compelling him to vacate his order of October 6, 1986, and to join all defendants in the same action in Lowndes County. We remand.
Petitioner Ronald Rudolph and defendant Jerry Farrow were involved in an automobile accident on June 30, 1985. As a result of his injuries, petitioner Ronald Rudolph sought medical treatment. During the course of treatment, he alleges, he suffered additional injuries from negligent or wanton medical care from defendants/respondents Baptist Medical Center and Drs. Eaddy and Monahan (hereinafter "respondents"), as well as certain fictitious parties. Petitioners filed a single four-count complaint naming the driver of the car, Farrow, Drs. Eaddy and Monahan, and Baptist Medical Center, as defendants. Thereafter, respondents Eaddy, Monahan, and Baptist Medical Center moved to sever petitioners' claim against respondents from petitioners' claim against defendant Farrow, and to transfer venue to Montgomery County in the severed claim against the respondents. Judge Gamble granted the respondents' motion for severance, pursuant to Rule 21, A.R.Civ.P., and transferred the case to Montgomery County on October 6, 1986. A motion for reconsideration filed by petitioners was denied on November 24, 1986. Petitioners now seek a writ of mandamus on two grounds: *Page 706 
 1. That the Honorable Arthur E. Gamble, Jr., Circuit Judge, Lowndes County, Alabama, abused his discretion in ordering severance of the parties in petitioners' lawsuit based on negligence and malpractice.
 2. That the Honorable Arthur E. Gamble, Jr., abused his discretion in transferring venue of the severed claim from Lowndes County to Montgomery County.
Since mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge in an arbitrary and capricious manner. Ex parte Nelson, 448 So.2d 339, 340 (Ala. 1984); Ross v. Luton, 456 So.2d 249 (Ala. 1984); Ex parteHartford Insurance Co., 394 So.2d 933 (Ala. 1981); Ex parteWilson, 408 So.2d 94 (Ala. 1981). Further, a writ of mandamus will not be issued unless the movant has a clear and indisputable right to a particular result. Ex parte Thompson,474 So.2d 1091 (Ala. 1985); Ex parte Southway Discount Center,Inc., 445 So.2d 898 (Ala. 1984).
 Severance of Parties
In joining the defendant Farrow with respondents, Drs. Eaddy and Monahan and Baptist Medical Center, petitioners primarily relied on permissive joinder under Rule 20, A.R.Civ.P., which states:
 All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
(Emphasis added.)
If the requirements for permissive joinder under Rule 20 are not satisfied, and there are no grounds for compulsory joinder pursuant to Rule 19, A.R.Civ.P., there can be no joinder of parties. However, there is no absolute rule for determining what constitutes "a series of transactions or occurrences." Generally, that is determined on a case by case basis and is left to the discretion of the trial judge. Mosley v. GeneralMotors Corp., 497 F.2d 1330 (8th Cir. 1974); Saval v. BL Ltd.,710 F.2d 1027, 1031 (4th Cir. 1983). Though the rules allow virtually unlimited joinder of parties, the Committee Comments to Rule 20 make it clear that the trial court has "ample powers, under Rules 20(b), 21 and 42(b), to ensure that the trial is conducted in the most convenient and least prejudicial manner." Thus, simply because petitioners meet the requirements for permissive joinder, it does not necessarily follow that the court must allow all claims to proceed together.
The trial judge concluded that the parties had been misjoined and that severance was required pursuant to Rule 21, A.R.Civ.P. The trial judge did not exercise any discretion in severing the claims once he determined the parties were initially misjoined. If the parties had been misjoined, then severance would have been the proper remedy. However, this Court has previously held that successive torts causing a single indivisible injury may be permissibly joined. Guthrie v. Bio-Medical Laboratories,442 So.2d 92 (Ala. 1983).
In Guthrie, one of the plaintiffs gave birth to a child suffering from injuries caused by an Rh incompatibility between the mother and child. The plaintiffs sued several defendants, including a medical laboratory that allegedly had mistyped the mother's blood four years prior to her pregnancy, and three doctors who had tested her blood during her pregnancy. After the trial court permitted the claims against the medical laboratory to be severed from the claims against the physicians who treated the plaintiff during her pregnancy, the plaintiffs sought a writ of mandamus from this Court to compel joinder of the *Page 707 
claims. This Court granted the writ, stating:
 It is not essential to allege that the defendants jointly committed a single tort in order for the plaintiff(s) to properly join them in one action. It is sufficient to allege that successive torts concurred in producing the same indivisible injury. (Citations omitted.)
Guthrie, 442 So.2d at 96.
More recently, this Court in Ex parte Jenkins, 510 So.2d 232
(1987), relied on Guthrie, supra, in deciding the same issue involved in this case. In Jenkins, the plaintiff was injured in an accident at work when a bundle of aluminum fell on him. The plaintiff claimed that, while being treated for injuries from the accident, he received negligent medical treatment. In the same suit, the plaintiff sued the supervisory employees from his place of work for negligent or wanton conduct and various doctors and a hospital for malpractice. The defendant doctors and the hospital moved to sever the claims against them from the claims against the employee defendants, and for change of venue. The trial court denied the motions, and the defendants sought a writ of mandamus from this Court compelling the trial judge to sever the claims.
This Court denied the writ of mandamus, reasoning that:
 The claims asserted by Gaston arose out of the same series of occurrences that began with his injury at his place of employment and continued with his resulting hospitalization and treatment for that original injury. The action filed by [the plaintiffs] presents factual questions common to all defendants with regard to damages and proximate cause. Thus, under the provisions of Rule 20(a), A.R.Civ.P., the plaintiffs may join the defendants in one action.
 Severance of a claim from the original action, as established by Rule 21, A.R.Civ.P., creates a new action in which an independent judgment results. Key v. Robert M. Duke Insurance Agency, 340 So.2d 781, 783 (Ala. 1976). A severance of the claims against the petitioners in this case from the other defendants would result in two separate actions and would present the possibility of inconsistent judgments. By joining all the defendants in this one action, consistency of result, as well as judicial economy, will be promoted. See Committee Comments, Rule 20, A.R.Civ.P.
Ex Parte Jenkins, 510 So.2d at 234.
Based on these cases, we conclude that the parties were not misjoined; therefore, severance was not required. Because the trial judge concluded that the parties were misjoined, he never exercised any discretion in determining whether to sever the claims for other reasons, which he has the discretion to do. We remand with instructions to consider whether to sever the claims.
However, in exercising that discretion, the trial judge should consider the prejudice to the parties that may result if the claims are severed. There are common issues of fact to be decided in this case and, if the claims are severed, it is possible that there could be inconsistent results. Furthermore, practicality and judicial economy are also relevant considerations. See Committee Comments, Rule 20, A.R.Civ.P. Petitioners argue that if the claims are severed, then pursuant to this Court's decision in Williams v. Woodman, 424 So.2d 611
(Ala. 1982), holding that a plaintiff can recover only once for a single injury, the respondents may avoid liability entirely and leave petitioners without an adequate remedy against the respondents for the injuries resulting from respondents' malpractice.
It is an accepted principle that a defendant is liable forall the foreseeable injuries caused by his negligence.Williams, supra; McClendon v. City of Boaz, 395 So.2d 21 (Ala. 1981); O'Quinn v. Alston, 213 Ala. 346, 104 So. 653 (1925). That an injured party will receive negligent medical care is always foreseeable. This Court has accepted this presumption, holding:
 "[W]here one is injured by the negligent or wrongful act of another, and uses ordinary care in endeavoring to be healed, and in the selection of medical and surgical help, but his injury is aggravated by the negligence or unskillfulness *Page 708 
of the latter, the party causing the original injury will be responsible for the resulting damages to its full extent."
Williams v. Woodman, supra, at 613, citing, O'Quinn v. Alston,supra. Thus, petitioner may be entitled to recover from defendant Farrow not only for the injuries caused by the accident, but also for the subsequent malpractice damages. Nevertheless, petitioner is still not entitled to recover twice for the same injury.
The case to which petitioner refers, Williams, supra, involved similar facts. The plaintiff was involved in a motorcycle accident with an uninsured motorist and sued his insurance company for the injuries resulting from the accident. The plaintiff recovered a judgment in the amount of $10,000.00 from the insurance company, and the judgment was satisfied. Subsequently, plaintiff filed a malpractice suit against the surgeon who treated the leg injuries caused by the accident. The surgeon moved for summary judgment, arguing that the plaintiff could recover only one time for his injuries and that he had done so in his initial suit against the insurance company. This Court affirmed the trial court's order granting summary judgment, on the grounds that the initial suit had, in fact, included damages for all the injuries caused by the accident, including any potential malpractice. However, this Court made it clear that if the plaintiff could have proven subsequent injury and/or damages resulting from the malpracticeafter the judgment in the initial lawsuit, summary judgment in favor of the surgeon would not have been appropriate. There were no facts to support that theory.
The petitioners reason that if the claims are severed, the respondents could make a motion for summary judgment pursuant to Williams, supra, and obtain dismissal on the theory that the claim for malpractice injury had already been satisfied in the suit against defendant Farrow. Let us make it clear that that is not the case.
Williams, supra, sets forth the basic premise in law that there can be but one recovery for a single injury. Though there may be several joint tort-feasors, a plaintiff is not permitted to sue one tort-feasor and satisfy his judgment, and then sue another tort-feasor to recover again. Williams, 424 So.2d at 613, citing, Restatement of Judgments § 95 (1942); andRestatement (Second) of Torts § 886 (1979). Once the judgment has been satisfied for a single injury, no other suits by the plaintiff against any tort-feasor are permitted in regard to the same injury. In Williams, supra, the malpractice damages were included in the original recovery from the insurance company. When the plaintiff claimed damages, he made no distinction between those injuries caused by the accident and those caused by any malpractice; thus, his recovery for all injuries resulting from the accident constituted a complete recovery. Williams, supra. Thus, whether the claim is severed or not, petitioners are still entitled to recover only once for the injuries resulting from the accident and once for the injuries resulting from the malpractice.
Because of our resolution of the joinder issue, discussion of the venue issue is pre-termitted.
For the foregoing reasons, this cause is remanded with instructions to consider the severance of the malpractice claim in light of this opinion and our recent decision inJenkins, supra.
REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.