ROBERTSON, Judge.
This is a petition for writ of mandamus.
Rental Uniform Service of Mobile, Inc. (Petitioner) filed a complaint in Baldwin County District Court against Welch Timber Company and Willie Welch (hereinafter both referred to as “Welch”) based on a written contract. Welch filed a motion for *1123 a change of venue to Clarke County, alleging that Welch’s residence and only place of business are in Clarke County, that the contract was executed in Clarke County, that all contact between the parties occurred in Clarke County, that all deliveries occurred in Clarke County, and that twenty employees of Welch will be expected to be called as witnesses.
Petitioner immediately filed an amended complaint, adding a count based on work and labor done, because the uniforms furnished under the contract were produced, cleaned and repaired in Baldwin County. Simultaneously, petitioner filed a response to Welch’s motion, arguing that the motion was moot since the complaint now included a count for work and labor done in Baldwin County. Thereafter, the District Court of Baldwin County granted the motion for change of venue and transferred the case to the District Court of Clarke County.
Petitioner files this petition for writ of mandamus to require the District Court of Baldwin County to hear the case because the complaint now includes a count for work and labor done in Baldwin County, and this is the sole issue argued by petitioner.
Welch contends that the trial court did not abuse its discretion in granting the motion for change of venue.
The question of whether to transfer a case because of venue addresses itself to the sound discretion of the trial court, and any abuse of that discretion may be controlled by the writ of mandamus. Ex parte Sutton, 508 So.2d 682 (Ala.Civ.App.1987). However, mandamus is a drastic and extraordinary writ which will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala.1987).
Clearly, under the complaint as originally filed, venue was proper in Clarke County. Alabama Code 1975, § 6-3-2(a)(2). Adding another count by amendment for work and labor done after Welch’s motion for change of venue was filed did not serve to defeat the trial court’s mandate to transfer the action pursuant to Rule 82(d), Alabama Rules of Civil Procedure. Ex parte Parker, 413 So.2d 1105 (Ala.1982). Accordingly, the petition for writ of mandamus is due to be denied.
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur.