Alfa Life Insurance Corporation petitions this Court for a writ of mandamus directing the Honorable John E. Rochester to vacate an order denying Alfa's motion to sever the claims of Robert Hughes, Donald Cline, and Tom Dake and Patti Dake for three separate trials and to enter an order severing those claims. We grant the petition.
 Facts
In April 1999 Hughes, Cline, and the Dakes, policyholders of Alfa "Whole Life 110" insurance policies, filed a lawsuit as a proffered class action.[1] The policyholders asserted claims of fraudulent misrepresentation, suppression, breach of contract, and negligence and/or wantonness. In January 2002 the trial court certified the case as a class action. Alfa appealed the class-certification order. In April 2003 this Court reversed the trial court's class-certification order because the proof essential to support the policyholders' claims did not satisfy the predominance and superiority requirements of Rule 23(b)(3), Ala. R. Civ. P. Alfa Life Ins. Corp. v. Hughes, 861 So.2d 1088
(Ala. 2003).
In March 2004 Alfa moved to sever the claims of Cline, Hughes, and the Dakes into three separate actions. In its motion, Alfa argued that the claims of Hughes, Cline, and the Dakes failed to satisfy the permissive-joinder requirements of Rule 20, Ala. R. Civ. P. Alfa maintained that the claims did not arise out of the same transactions or occurrences and that the questions of law and fact were not common among the parties. After conducting a hearing, the trial court denied Alfa's motion. Alfa now petitions this Court for a writ of mandamus directing the court to vacate its order denying the motion to sever and to enter an order severing the claims of Hughes, Cline, and the Dakes for three separate trials.
 Standard of Review "The writ of mandamus is an extraordinary writ that applies `where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable.' Rule 21(e)(4), Ala. R.App. P. In order for this Court to issue a writ of mandamus, the petitioner must show: `(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Bloodsaw, 648 So.2d 553 (Ala. 1994)."
Ex parte Turpin Vise Ins. Agency, Inc., 705 So.2d 368, 369
(Ala. 1997). A petition for a writ of mandamus is the appropriate means for challenging a trial court's ruling on a motion to sever claims. Ex parte Turpin Vise Ins., supra; Ex parte Furnace Corrosive Servs., Inc., 418 So.2d 891 (Ala. 1982); and Ex parteRudolph, 515 So.2d 704 (Ala. 1987).
 Legal Analysis
Alfa contends that the trial court erred in refusing to sever the claims of Hughes, Cline, and the Dakes, because, it says, the permissive-joinder requirements of Rule 20, Ala. R. Civ. P., are not satisfied. *Page 274 
"Rule 20, Ala. R. Civ. P., provides for the permissive joinder of parties. Rule 20(a) states:
 "`All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .'
"The Committee Comments to Rule 20 state that that rule `is intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy.' See S.E.B. v. J.H.B., 605 So.2d 1230, 1232
(Ala.Civ.App. 1992).
"If the requirements for permissive joinder under Rule 20 are not satisfied and there are no grounds for compulsory joinder pursuant to Rule 19, Ala. R.Civ.P., then there can be no joinder of the parties in the action. This Court, in Ex parte Rudolph,515 So.2d 704 (Ala. 1987), stated:
 "`[T]here is no absolute rule for determining what constitutes "a series of transactions or occurrences." Generally, that is determined on a case by case basis and is left to the discretion of the trial judge.'
"515 So.2d at 706. (Citations omitted.)
"In exercising its discretion in deciding whether to sever claims, the trial court should consider the prejudice that may result to the parties if the claims are severed. Considerations of practicality, judicial economy, and the possibility of inconsistent results are also relevant in that regard. Rudolph,515 So.2d at 707; see also Ex parte Jenkins, 510 So.2d 232
(Ala. 1987). The Rudolph court noted that `[t]hough the rules allow virtually unlimited joinder of parties,' the Committee Comments to Rule 20 `make it clear that the trial court has "ample powers, under Rules 20(b), 21 and 42(b), to ensure that the trial is conducted in the most convenient and least prejudicial manner.'" 515 So.2d at 706."
Ex parte Turpin Vise Ins., 705 So.2d at 370-71.
Therefore, we must determine whether the claims of Hughes, Cline, and the Dakes arose out of "a series of transactions or occurrences" so as to make permissive joinder of their claims appropriate. In Alfa Life Insurance Corp. v. Hughes, we conducted a thorough review of each of the claims presented in the complaint by the policyholders. While our holding in that case does not require that the policyholders' claims be severed, our review of the claims in that case assists us in determining whether those claims arose out of a series of transactions or occurrences.
Here, while Alfa issued the policy that is the basis of every claim in this action and is a common defendant as to each of the policyholders in this action, the facts clearly establish that the plaintiffs' claims against Alfa do not arise out of a "series of transactions or occurrences." In reaching this conclusion, we recognize that each Alfa agent made different oral and written representations to the plaintiff policyholders,[2] that each plaintiff policyholder's reliance *Page 275 
on the representations was different, that the circumstances surrounding each policy were different,[3] and that the circumstances surrounding the negligence and/or wantonness claims were likewise varied.[4] The variations occurring in the circumstances surrounding the issuance of each policy and the maintenance of the individual policies establish that the claims of the policyholders do not arise from a "series of transactions or occurrences." Indeed, as we previously recognized, "the policies `were individually sold by individual agents who had received individual training, and the policies wereindividually handled according to the particular needs of each policyholder.'" Hughes, 861 So.2d at 1103. Therefore, the trial court should have granted, as a matter of law, Alfa's motion to sever the claims of Hughes, Cline, and the Dakes.
"When a claim is severed from the original action, a new action is thereby established and a completely independent judgment results. Key v. Robert M. Duke Insurance Agency, 340 So.2d 781
(Ala. 1976)." Ex parte Furnace Corrosive Servs.,418 So.2d at 893.
 Conclusion
Based on the foregoing, we conclude that the trial court exceeded the scope of its discretion in denying Alfa's motion to sever the claims of Hughes, Cline, and the Dakes. Alfa has established a clear legal right to the relief sought; therefore, the petition is granted and the trial court is directed to sever the claims of Hughes, Cline, and the Dakes into three separate actions.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, and BOLIN, JJ., concur.
PARKER, J., concurs in the result.
[1] For a detailed description of the policy and payment-plan options and the circumstances surrounding each policyholder's purchase of the policy and maintenance of the policy, see AlfaLife Insurance Corp. v. Hughes, 861 So.2d 1088, 1090-94 (Ala. 2003).
[2] We noted in Hughes that the evidence indicated that different representations were made to each policyholder, that different documentation was provided to each policyholder, that each policyholder was told different information regarding the payment of premiums, and that to determine whether reliance on the representations was reasonable an individualized inquiry was required as to all the circumstances surrounding each transaction, including the "`"mental capacity, educational background, relative sophistication, and bargaining power of the parties."'" 861 So.2d at 1100 (quoting Reynolds Metals Co. v.Hill, 825 So.2d 100, 108 (Ala. 2002), quoting in turn ForemostIns. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997)).
[3] We stated in Hughes:
 "Moreover, each of the four named plaintiff policyholders requested the minimum-deposit payment plan at different times. Hughes's wife sent a handwritten note requesting to be placed on the minimum-deposit payment plan; Cline signed an application on which `minimum deposit' was marked and then later signed a form requesting the minimum-deposit payment plan; and Patti Dake signed a form requesting that the policy be placed on an automatic payment loan."
861 So.2d at 1101.
[4] We stated in Hughes that to establish the negligence/wantonness claims individualized inquiries would have to be made into "the training each Alfa agent received and/or how the agent was supervised, the notice each supervisor had, if any, regarding an Alfa agent's improper presentation of the minimum-deposit payment plan, and each Alfa agent's subsequent handling of each policyholder's plan." 861 So.2d at 1103.