William Matkin, Jr., Brian Matkin, and Brenda Matkin appeal from the trial court's denial of their motion to alter, amend, or vacate its order denying a writ of execution requested by the Matkins against the property of Kathryn Smith.
This case follows a successful trespass action brought by the Matkins against Kathryn Smith and certain of her relatives and against the Smiths' corporation, Morgan City Poultry Farms, Inc. The Smiths operated a chicken egg farm on land near the Matkins' land. The trial court found that the Smiths' operation of their egg farm had contaminated the Matkins' land with chicken litter and thereby had caused a trespass onto their property.
After hearing ore tenus evidence, the trial court, on October 25, 1991, entered a judgment awarding William Matkin, Jr., $15,000 in compensatory and punitive damages from James R. Smith, Jr., as the administrator of his father's estate; $20,000 from Morgan City Poultry Farms, Inc.; $15,000 from James R. Smith, Jr., individually; and $18,000 from Kathryn Smith. However, the trial court's order then stated: "The liability of [the defendants listed above] shall be joint and several to the extent the judgment amounts are coextensive." The trial court also awarded Brian Matkin and Brenda Matkin, collectively, damages equal to those stated above, against the same defendants, and as to that award it also made the same statement about joint and several liability. The Matkins made no objection to the form of this order of judgment. Neither the Matkins nor the Smiths appealed from the judgment.
In May 1992, more than six months after the judgment had been entered, the Matkins and Kathryn Smith executed an agreement under which Kathryn Smith agreed to sell certain property, with the proceeds to be delivered to the Matkins. The agreement called for Kathryn Smith to pay $43,000, and she agreed to make up the difference between the proceeds from the sale and that amount, if the proceeds from the sale did not reach $43,000. The agreement stated, in part:
 "[Kathryn] Smith understands and agrees the entire $43,000.00 is being paid for the benefit of William Matkin, Jr., only. The significance of this provision is that a dispute exists between the Judgment Creditors [the Matkins] and the Judgment Debtor [Kathryn Smith] as to the total amount owed pursuant to the Court's Judgment Entry in Case Number CV-86-218 rendered on 25 October, 1991, in the Circuit Court of Morgan County, Alabama. Thus, in the event the composite judgment award, plus accrued interest on said Judgment, does not exceed the $43,000.00 paid by Smith as to the separate Plaintiff entities, then in said event, William Matkin, Jr., agrees to rebate such portion of the $43,000.00 received by him to Brian Matkin and Brenda Matkin as may be required to equalize the distribution between the separate Plaintiff entities. In addition, Brian Matkin and Brenda Matkin agree to extend a credit for any monies rebated by William J. Matkin, Jr., to them for the benefit of Smith. To further express the intent of the parties, by using example only, Smith understands if it is determined by the Court or the appropriate Appellate Court, that William J. Matkin, Jr., separate and independent from Brian Matkin and Brenda Matkin, is entitled to in excess of $43,000.00, then the partial payment credit by Smith made herein would extend only to William J. Matkin, Jr. On the *Page 951 
converse, should it be determined by the appropriate Court or Appellate Court the total sum of the judgment award to be paid to William J. Matkin, Jr., separate and independent of Brian Matkin and Brenda Matkin, is some sum less than $43,000.00, then William J. Matkin, Jr., would rebate the difference between the $43,000.00 and the total amount intended to be awarded to him by Judgment and accrued interest to Brian Matkin and Brenda Matkin, and Smith would be entitled to a credit of partial payment on the Judgment from Brian Matkin and Brenda Matkin."
The purpose of this document appears to have been to satisfy the October 25, 1991, judgment in favor of the Matkins, if that judgment was found to be equal to or less than $43,000.
After the sale, Kathryn Smith delivered $43,000 to the Matkins, apparently believing that this sum satisfied the October 25, 1991, judgment. In October 1992, however, the Matkins sought a writ of execution on other properties owned by Kathryn Smith, apparently believing that the $43,000 did not satisfy the October 25, 1991, judgment. The Smiths requested that the trial court deny the writ of execution, stating in part:
 "Kathryn Smith has paid to the plaintiff, William J. Matkin, Jr., the sum of $43,000.00, which the defendants contend amounts to payment in full of all judgments entered against the parties in this cause pursuant to the doctrine of joint and several liability under Alabama law. Said money was paid pursuant to a written agreement between the parties hereto that it would be paid to William J. Matkin with the provision that in the event it was ultimately determined that this amount of money was in full satisfaction of the above said judgments the money would be credited against the sums due to Brian Matkin and Brenda Matkin as well."
On March 22, 1993, the trial court granted the Smiths' motion, and denied the writ of execution. The Matkins moved to alter, amend, or vacate that order. The trial court denied their motion, and they appealed.
We note that the October 25, 1991, judgment purported to apportion damages among the Smiths and Morgan City Poultry Farms, Inc. Damages are not apportioned among joint tort-feasors in Alabama; instead, joint tort-feasors are jointly and severally liable for the entire amount of damages awarded. Buchanan v. Collier, 555 So.2d 134 (Ala. 1989). However, the record indicates that the Matkins made no objection to the form of the judgment, and they did not appeal from that judgment. This appeal is from the trial court's denial of their motion to alter, amend, or vacate the March 22, 1993, order denying the writ of execution.
The October 25, 1991, judgment apparently attempted to detail a somewhat complex apportionment of damages among the defendants, but the question of the validity of that judgment is not before us. The question here is whether the trial court correctly denied the writ of execution.
Our interpretation of the award of damages made in the October 25, 1991, judgment leads us to conclude that we should not reverse the order now appealed from, because, as noted above, the highest damages award against the Smiths for William Matkin, Jr., separately, was $20,000, while the highest damages award for Brian and Brenda Matkin, together, was also $20,000. Although the language of that October 25, 1991, judgment referring to the "judgment amounts" as being "coextensive" was unclear, we believe the intention of the trial court was to award $20,000 to William Matkin, Jr., separately, and $20,000 to Brian and Brenda Matkin, together. Because the total amount owed to the Matkins was $40,000, we hold that the $43,000 paid pursuant to the May 1992 agreement satisfied the October 25, 1991, judgment. When a judgment is satisfied against one joint tort-feasor (such as Kathryn Smith), that satisfaction discharges the other joint tort-feasors from their liability.Williams v. Woodman, 424 So.2d 611 (Ala. 1982). The trial court correctly denied the writ of execution.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur. *Page 952